**Jonathan HOLDEEN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

United States District Court
S. D. New York.

Dec. 17, 1958.

Jonathan Holdeen pro se.

Arthur H. Christy, U. S. Atty., New York City, Robert J. Ward, Asst. U. S. Atty., New York City, of counsel, for defendant.

WEINFELD, District Judge.

The plaintiff is the grantor under three (3) separate trusts. The Commissioner of Internal Revenue determined that the trust income for the year 1946 was taxable to the plaintiff who now moves for summary judgment to recover the payments made by him following the Commissioner's deficiency assessment. Whether the grantor did any act or thing which reflected ownership or reservation of control over the corpus or the income of the trust is an issue of fact. The mere assertion by the grantor and the trustees that such was not the case would not necessarily preclude the trier of the fact, in the light of all the surrounding circumstances attendant on the creation of the trusts and the conduct of the grantor and the trustees thereafter, from rejecting their contention. In this situation demeanor evidence

would be of significance. Cf. Dyer v. MacDougall, 2 Cir., 201 F.2d 265. Further, in view of the question whether Pennsylvania or New York law is applicable, other issues of fact such as the domicile of the grantor also arise and preclude the granting of this motion. Finally, while not controlling, it is significant that on a trial involving similar trusts established by this grantor and posing substantially similar issues, the fact determination was adverse to his contention.

■ The motion for summary judgment is denied.