**Jonathan HOLDEEN and Stella H. HOLDEN, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
May 3, 1960.

Stephen Holden, Jr., White Plains, N. Y., for plaintiffs.

S. Hazard Gillespie, Jr., New York City, U. S. Atty., for the United States; Charles T. Beeching, Jr., Asst. U. S. Atty., New York City, Charles K. Rice,

Asst. Atty. Gen., James P. Garland, David A. Wilson, Jr., Robert W. Kernan, Attys., Dept. of Justice, Washington, D. C., of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiffs, Jonathan Holdeen, and his wife, bring this action against the United States to recover personal income taxes paid by them after the Internal Revenue Service determined a deficiency in tax paid for the year 1950. Plaintiff taxpayers have moved for what they call "partial summary judgment". Although from the confusing papers submitted in support of the motion it is difficult to ascertain in what respects the relief sought is "partial", there appears to be no basis for the entry of judgment at this stage of the litigation in any respect.

The controversy between the taxpayers and the Government stems from the determination by Internal Revenue that the income from a number of trusts created by plaintiff Jonathan Holdeen was personal income to them. This is but one of a number of suits commenced by the plaintiffs, all involving somewhat similar facts and issues. See Holdeen v. Ratterree, 2 Cir., 270 F.2d 701.

The inclusion of the trust income by the Government was apparently based on two theories:

1. That Jonathan Holdeen in fact retained ownership and control of the corpus of the trusts and hence trust income was taxable to him under the doctrine of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; and

2. That the trusts were void ab initio as violative of the rule against perpetuities and the corollary rule against accumulations under the state law which applied.

Both of these theories have been pleaded by the defendant in its amended answer.

■ There is no need to discuss the Government's second theory since the pleadings and papers submitted on the motion show that there are triable issues as to the first defense. See, e. g., United States for Use and Benefit of Greenville Equipment Co. v. United States Casualty Co., D.C.D.Del., 180 F.Supp. 715. See, also, 6 Moore's Federal Practice (2d Ed.) 2159–2160, 2177, 2178.

Plaintiffs place much reliance on the fact that the Court of Appeals reinstated a jury verdict in his favor with respect to one of the trusts in issue here for a different taxable year which had been set aside by the trial court.[1] In so doing Judge Moore stated (Holdeen v. Ratterree, supra, 270 F.2d at pages 705–706):

"The trial court in setting aside the jury's verdict as to the Exhibit 6 trust was understandably influenced by his belief that the settlor would not have acted differently as to this trust than as to the preceding trusts. This hypothesis, however, would mean that the settlor could never escape the personal income tax burden regardless of how he phrased his trust instruments and abstained from exercising control. In short, the trial court is saying that the propensity to control, once it has attached to a settlor by reason of retention through the trust instruments themselves or by his actions, must always be read into future trusts even though their terms do not actually or inferentially show retention of control. Exhibit 6 contains none of the elements which would bring it within the Helvering-Clifford doctrine. No member of the settlor's family was a beneficiary of any part of the income or of the corpus. The charity was the American Unitarian Association or its designee. This complete absence of control in the instrument itself, together with the jury's finding that upon all the facts the settlor did not possess such control as to be considered substantially the owner of

---

1. It should be noted, however, that jury verdicts for the Government on six other trusts were affirmed.

this property, places it in quite a different category from the others. It was, therefore, error for the trial court to set the jury's finding aside as to Exhibit 6."

The taxpayers misconceive the thrust of this holding. Far different principles apply to a motion for summary judgment than to a motion to set aside a jury verdict.

■ It is quite true that a party cannot escape summary judgment in the mere hope that something will "turn up" at the trial. Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715.

■■ However, where, as here, conflicting inferences may be drawn from such evidence as is presented, summary judgment may not be granted. This is so even though the trier of facts might resolve such inferences in plaintiff's favor and the court would not be justified in disregarding such finding on a motion for judgment N.O.V. The movant on a motion for summary judgment must discharge the heavy burden of showing that there is no "genuine issue of material fact", and plaintiffs have not done so here.

One of the apposite reasons for this rule was pointed out by Judge Frank in Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470–471:

"We agree that there are cases in which a trial would be farcical * *. But where, as here, credibility, * * is crucial, summary judgment becomes improper and a trial indispensable. It will not do, in such a case, to say that, since the plaintiff, in the matter presented by his affidavits, has offered nothing which discredits the honesty of the defendant, the latter's deposition must be accepted as true. We think that Rule 56 was not designed thus to foreclose plaintiff's privilege of examining defendant at a trial, especially as to matters peculiarly within defendant's knowledge."

The ultimate question for the triers of the facts in deciding the application of the Clifford doctrine is whether the " * * * terms of the trusts and all the circumstances of their creation and operation * * * establish that plaintiff enjoyed control over and benefit from the properties to such an extent that he should be regarded as the owner thereof for purposes of income taxation. * * * ". Holdeen v. Ratterree, supra, 270 F.2d at page 706. On a motion for summary judgment involving the Clifford doctrine Judge Weinfeld stated in a motion which concerned two of the trusts involved here (Holdeen v. United States, D.C.1958, 186 F.Supp. 75):

> " * * * whether the grantor did any act or thing which reflected ownership or reservation of control over the corpus or the income of the trust is an issue of fact. The mere assertion by the grantor and the trustees that such was not the case would not necessarily preclude the trier of the fact, in the light of all the surrounding circumstances attendant on the creation of the trusts and the conduct of the grantor and the trustees thereafter, from rejecting their contention. In this situation demeanor evidence would be of significance."

■ Thus, even though on a trial it might not be permissible to find from a mere "propensity to control" that the grantor of a trust has in fact retained such control as to be taxable on the trust income, the liability that has been established by the Government in other actions involving this taxpayer (the record of which has been submitted on this motion), together with records from the files of the trustees (which also have been submitted), all indicate that there may have been a degree of participation by Holdeen in the management of the trusts which points to a role greater than that of *de facto* trustee. Whether or not such proof would be sufficient to persuade triers of the facts, it demonstrates that there are issues of fact to be tried.

Plaintiffs' motion for summary judgment is therefore in all respects denied.

It is so ordered.