For denial of defendant's motion for summary judgment see 203 F.Supp. 670.

**BLENKE BROTHERS CO., Inc.**, Plaintiff,

v.

**FORD MOTOR COMPANY**, Defendant.

Civ. No. 2705.

United States District Court
N. D. Indiana,
South Bend Division.

March 29, 1963.

On Rehearing May 22, 1963.

**460**

Philip M. Cagen, Valparaiso, Ind., Lowell E. Enslen, Hammond, Ind., for plaintiff.

Joseph P. Miller, South Bend, Ind., Harry T. Ice, James E. Hawes, Jr., Ross, McCord, Ice & Miller, Indianapolis, Ind., for defendant.

GRANT, Chief Judge.

This case involves three causes of action: the first being the alleged violation of the Automobile Dealer Franchise Act, 15 U.S.C.A. §§ 1221–1225; the second being the alleged violation of the Anti-trust statutes, 15 U.S.C.A. §§ 1–7, 14 and 15; and the third being an alleged breach of contract.

There are now before this Court Motions for Summary Judgment, pursuant to Rule 56 F.R.Civ.P., 28 U.S.C.A., filed by both the plaintiff and the defendant. Both Motions have been thoroughly briefed and the parties have been heard on oral argument.

Plaintiff's Motion for Summary Judgment seeks a declaration that certain of the defenses asserted by the defendant do not constitute cognizable defenses to the complaint. These defenses are: (1) that plaintiff is barred as to all three of its causes of action because it has released the same by accepting the termination benefits provided for in § 23 of the Mercury Sales Agreement (hereafter referred to as the Sales Agreement) between the Ford Motor Company and Blenke Brothers Co., Inc.; (2) that plaintiff has waived, and is thus estopped to assert, its first and third causes of action because it has not complied with § 2(g) of the Sales Agreement, which requires the reporting of any claims, to the defendant's Dealer Policy Board where the dealer contends the manufacturer has not acted in good faith in regard to the dealer; (3) that the applicable statutes of limitation preclude any recovery under the Dealer Franchise Act for anything occurring prior to March 9, 1957, and under the Anti-trust statutes for anything occurring prior to March 9, 1956.

Defendant's Motion for Summary Judgment is based on § 23 of the Sales Agreement as well as on § 2(g). Insofar as this Motion is based on § 23 it is directed to all three causes of action asserted in the complaint; insofar as it is based on § 2(g) it is directed at the plaintiff's first and third causes of action.

Prior to consideration of § 23 or § 2 (g) of the Sales Agreement it is appropriate to point out that the parties appear to be in agreement that the plaintiff cannot recover for anything occurring prior to March 9, 1957 in its action brought under the Dealer Franchise Act, supra, nor for any thing occurring prior to March 9, 1956 in its action brought under the Anti-trust statutes, supra.

Plaintiff had a Mercury Sales Agreement with the defendant which is dated April 1, 1957, and which was terminated by notice on October 10, 1958. That agreement provided in part (§ 23):

"In the event this agreement shall expire and the Company shall fail to renew it or to execute a new agreement with the Dealer, or in the event this agreement shall be terminated by the Company pursuant to the provisions hereof, the Dealer shall have an election as to whether or not to accept as full and complete compensation to him for such non-renewal or termination, the benefits to which he may be entitled under paragraphs 21 and 22 hereof, such election to be exercised as follows: The written tender by the Company to the Dealer of the benefits provided for in paragraph 21, including in such tender a statement of the amount to be paid by the Company to the Dealer pursuant to paragraph 21, shall constitute full and complete compensation to the Dealer for such nonrenewal or termination, except that the Company shall remain liable to the Dealer as provided in paragraph 22, unless the Dealer, within fifteen days (15) after he shall have received such tender, shall elect not to accept the benefits provided for in paragraph 21 and 22 by delivering to the Company a written release and waiver of all such benefits. In the event the Dealer shall not so release and waive such benefits, the Dealer shall be deemed to have elected such benefits and the Company shall be released from any and all other liability to the Dealer, however claimed to arise, except any liability that the Company may have under subparagraph 19(d) and except for such amounts as the Company may have agreed in writing to pay to the Dealer. The Dealer, upon receiving the benefits provided for in paragraph 21, shall execute and deliver to the Company a general release in form and content satisfactory to the Company and releasing the Company from all liability, except liability, if any, under subparagraph 19(d) and paragraph 22, and except liability, if any, for amounts the Company may have agreed in writing to pay to the Dealer."

Subsequent to receipt of the notice of termination of its Sales Agreement, plaintiff carried on considerable correspondence with the defendant. Much of this related to the repurchase of parts, tools and signs by the defendant. On March 4, 1959, Stanley Blenke, on behalf of Blenke Brothers Co., Inc., wrote to the defendant stating: "The Mercury sign will settle for $100.00 as per Sales agreement on Repurchase Due To Termination." On August 17, 1959, Mr. Blenke again contacted the defendant by letter saying, "We will accept $187.50 as full settlement on our Mercury Special Tools in accordance with the Sales Agreement. In addition we will accept $50.00 in full settlement for the Addressograph machine." Both letters are signed by Mr. Stanley J. Blenke. These amounts were paid to the plaintiff, and in addition, there was paid to the plaintiff the sum of $1,615.75 for parts and accessories. In the fall of 1959, sometime prior to September 28, the plaintiff received from the defendant a gen-

eral release form. This release was never executed due to the plaintiff's refusal to do so. On March 9, 1960, the instant action was instituted.

During the hearing held before this Court the plaintiff directed its sole argument in opposition to the defendant's Motion for Summary Judgment. No oral argument was made in support of its own Motion for Summary Judgment. Nevertheless, the ruling of the Court, hereafter detailed, includes the Motion previously made by the plaintiff.

■ It is regarded as Hornbook law that summary judgment is not available unless the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In light of this the Court is confronted with the following questions:

(1) Whether or not there is a genuine issue of material fact in regard to the release provided for under § 23 of the Sales Agreement; and

(2) In the event that there is no genuine issue of material fact as to the release provided for under § 23 of the Sales Agreement, is the defendant entitled to a judgment as a matter of law.

(3) Whether or not there is a genuine issue of material fact in regard to the notice provision of § 2(g) of the Sales Agreement; and,

(4) Assuming that there is no genuine issue of fact as to this provision, whether a failure to give such notice to the Dealer Policy Board has the effect of a waiver and estoppel as to preclude any action that may be brought based on the Dealer Franchise Act and/or a breach of contract so as to entitle the defendant to a judgment as a matter of law.

■ Considering first, the question as to the existence of a genuine issue of material fact as to the release under § 23, it should be pointed out that the Court of Appeals for the Seventh Circuit has indicated in Repsold v. New York Life Ins. Co., 216 F.2d 479, 483 (7th Cir., 1954) that:

"Rule 56 does not provide any method for exactly determining the presence of an issue of fact, and so each case depends upon the facts peculiar to it. Speaking in general terms, the court is not authorized under the rule to try issues of fact but it has the power to penetrate the allegations of fact in the pleadings and look to any evidential source to determine whether there is an issue of fact to be tried."

■ In determining the existence of a real issue of fact all doubts are resolved against the movant. Reliable Volkswagen Sales & Service Co. v. World Wide Automobile Corp., 182 F.Supp. 412, 416–417 (D.N.J.1960); Thomas v. Martin, 8 F.R.D. 638 (E.D.Tenn.1949). Where credibility is crucial summary judgment becomes improper and a trial indispensable. Holdeen v. United States, 186 F.Supp. 76 (S.D.N.Y.1960). Thus it is clear that summary judgment cannot be invoked to deprive litigants of their right to trial by jury if there remain genuine issues of material facts to be tried. Progress Development Corp. v. Mitchell, 286 F.2d 222 (7th Cir., 1961).

Section 23 of the Sales Agreement provides that if the Dealer elects the benefits of repurchase, provided therein, such election releases *all other claims of liability* which he may have against the manufacturer. Included among the documents on file in this cause are the two letters, previously quoted, which were written by Stanley J. Blenke on behalf of the plaintiff. These letters would seem to indicate that the plaintiff was proceeding under § 23 of the Sales Agreement and that the plaintiff desired to have the defendant repurchase the specified items according to the terms of that provision. The defendant did repurchase

the items, and in return, it paid the plaintiff for them.

The plaintiff now contends that there was no release executed under § 23, and about this there is no confusion. The record is clear that the plaintiff did not execute any document that was a formal release. Nevertheless the defendant contends that the receipt of the benefits under § 23 of the Sales Agreement has the effect of a release, and that the execution of the formal document is merely for evidential purposes.

■ The plaintiff also contends that these payments were made pursuant to agreements entirely divorced from § 23. In support of this contention the plaintiff has submitted the affidavit of Stanley Blenke, President of Blenke Brothers, Inc., which states:

"Deponent denies that said amounts were paid pursuant to the franchise agreement theretofore entered into by and between the parties to this cause of action but says that each and every one of said amounts was paid to plaintiff pursuant to separate agreements separately negotiated and without reference whatsoever to the release and discharge of any claim plaintiff had or might have against defendant."

It is true, as the defendant points out, that the plaintiff has not produced any of the above-described independent agreements. It is also true, however, that the parol evidence rule does not preclude a showing of oral agreements varying the terms of a prior integrated agreement where the oral agreements have been entered into subsequent to the writing. Thus, insofar as the plaintiff may be able to show any such other agreements within the confines of the parol evidence rule a genuine issue of fact exists with the result that there can be no summary judgment granted for either party on the defense of release.

■■ The defense of waiver and estoppel has been asserted because of the failure of the plaintiff to notify the defendant's Dealer Policy Board of any act or failure to act on the part of the Company or any of its representatives, which the dealer deems to have been, or which he proposes to use in support of a claim that the Company has not acted in good faith as to the Dealer. This defense is based on § 2(g) of the Sales Agreement, and it is asserted against the action based on the Dealer Franchise Act as well as the action based on traditional contract principles.

In regard to the breach of contract action it should be noted that while the provision relating to notice to the Dealer Policy Board, § 2(g), is phrased in mandatory language, there is no other indication that this section is intended as a condition precedent to the bringing of an action. Indeed even the defendant does not consider it as such. Record of Oral Argument on Motion for Summary Judgment, p. 20.

Section 2(g) of the Sales Agreement speaks in terms of claims that the Company has not acted in good faith as to the Dealer. This section defines good faith in the same terms as the statutory definition contained in the Dealer Franchise Act, supra. Further, the section makes no mention of the effect of a failure to comply with its requirements in relation to an action based on contract principles, or in relation to an action based on the Dealer Franchise Act. Because the definition given the term "good faith" in the Sales Agreement is identical with that set out in the Dealer Franchise Act there is a question as to whether or not this provision applies to actions other than those based on the statute. Thus there is a genuine issue of material fact as to this defense in relation to the contract action, and for this reason neither party may have summary judgment on this defense as it is applied to the action based on the contract.

■ The Dealer Franchise Act, supra, was intended as a supplement to the existing anti-trust legislation. 70 Stat. 1125, c. 1038, § 1 (Aug. 8, 1956). The statute has, as its purpose to create "a cause of action where none previously existed in that, *irrespective of contrac*-

*tual provisions*, it grants a right of review in the Federal courts of disputes between automobile manufacturers and their dealers involving the good faith of the manufacturer in complying with, in terminating, or in not renewing franchises." 3 U.S.Code Cong. & Ad. News, p. 4596 (84th Cong. 2nd Sess.1956). See also Barney Motor Sales v. Cal Sales, Inc., 178 F.Supp. 172 (S.D.Cal.1959).

It is pointed out in the commentary on the statute contained in the U.S.Code Congressional and Administrative News, supra, that the size and economic power of the automobile manufacturers as compared with that of the individual dealers made this legislation necessary. It is clear that Congress intended that "[t]he dealer was to be given his day in court on an allegation of bad faith termination regardless of the legal import of the words used in the 'contract' which he had signed." Barney Motor Sales v. Cal Sales, Inc., supra, 178 F.Supp. at 174. Thus, to say that a dealer has waived and is estopped to assert a claim that he may have against the manufacturer based on the Dealer Franchise Act, merely upon the application of a provision of the original sales agreement between the parties, would amount to doing by indirection what is clearly prohibited by a direct course of action.

■ Thus, admitting that no such notification was given to Ford, as was required by § 2(g), it is the holding of this Court that the plaintiff cannot be denied by that section of the Sales Agreement, the opportunity to pursue the statutory action created by the Dealer Franchise Act.

Therefore, it is ordered, adjudged and decreed that the plaintiff's Motion for Summary Judgment, insofar as it relates to the defense of waiver and estoppel based on § 2(g) of the Sales Agreement, and asserted against the action grounded on the Dealer Franchise Act be, and the same hereby is, granted.

It is further ordered, adjudged and decreed, that the plaintiff's Motion for Summary Judgment, in all other regards, be, and the same hereby is, denied.

It is further ordered, adjudged and decreed, that the defendant's Motion for Summary Judgment be, and the same hereby is, denied.

On Motion for Rehearing

The defendant has filed a Motion for Review, Reconsideration, and Rehearing or Modification of the Order of this Court entered in this cause on March 29, 1963. In the alternative the defendant seeks to have the Court enter a certification, in the form and substance contemplated by Section 1292(b) of Title 28 of the United States Code, that the questions of law presented and ruled upon in the Order of March 29, 1963, are of such importance as to warrant an immediate appeal.

The parties, having submitted briefs, and oral argument having been heard, this Court hereby denies the alternate Motions of the defendant in all respects.

The Court has been asked to hold as a matter of law that the failure to give notice alone would preclude Count I of the action, bottomed on the Dealer Act, 15 U.S.C.A. §§ 1221–1225 et seq. The Court has refused to so hold. That is not to say, however, that notice is not a part of the facts. The question of notice is still a part of the totality of facts on which the triers of the facts might be expected to weigh and determine the question of good faith. This Court has held that failure to give notice to the Dealer Policy Board is not, standing alone, a ground for summary judgment.

This cause is set for trial, to a jury, on Monday, September 9, 1963. The parties are, therefore, hereby ordered to complete discovery procedures on or before Wednesday, July 10, 1963.

The plaintiff shall submit to the defendant a proposed stipulation of facts, on or before June 15, 1963 and the defendant shall have until July 1, 1963 to advise the plaintiff regarding any objections it has to the plaintiff's proposed stipulation.

The defendant shall submit to the plaintiff, a proposed stipulation of facts on or before July 1, 1963, and the plaintiff shall have until July 10, 1963 to inform the defendant of any objections it has to the defendant's proposed stipulation.

The parties shall file with the Court copies of all proposed stipulations and objections thereto on the dates indicated above.

This cause is hereby set for pre-trial conference on Tuesday, July 16, 1963, at 10:00 o'clock A.M. C.D.T.