184

Ruth S. **BOROWSKY,** Plaintiff,

v.

Francis **J. BOROWSKY,** Marvin S. Borowsky, George K. Garrett Company, Inc., a Delaware corporation, and MSL Industries, Inc., a Minnesota corporation, Defendants.

Civ. A. No. 34506.

United States District Court
E. D. Pennsylvania.

Sept. 2, 1965.

Harold E. .Kohn, Bruce W. Kauffman, David H. Marion, Philadelphia, Pa., for Ruth S. Borowsky; Lawrence D. Biele, Louis E. Levinthal, Dilworth, Paxson,

Kalish, Kohn & Dilks, Philadelphia, Pa., of counsel.

Philip Price, George J. Miller, Earl Jay Gratz, Robert J. Spiegel, Philadelphia, Pa., for Francis J. and Marvin S. Borowsky.

John Mulford, Robt. S. Ryan, Philadelphia, Pa., for George K. Garrett Co., Inc. and MSL Industries, Inc.

KRAFT, District Judge.

The plaintiff in this action seeks to recover damages under the provisions of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78a et seq. The case is now before us on defendants' motions to dismiss and for summary judgment.

Plaintiff alleges that on July 24, 1962, she was the owner of 222 shares of the capital stock of defendant George K. Garrett Company, Inc. (Garrett), which she sold and delivered to Garrett, on that date for the sum of $211,000, or $950.45 per share, for redemption and cancellation by Garrett.

The complaint avers, in substance, that in May 1963, defendant MSL Industries, Inc. (MSL), purchased all of the issued and outstanding capital stock of Garrett from the then registered owners thereof, at a price per share greatly in excess of that which plaintiff received in the sale of her shares to Garrett.

Plaintiff charges the individual defendants and Garrett with numerous acts of fraud and deceit, including, inter alia, the following:

"(a) In representing, through their duly authorized agent, at the time of the purchase of the plaintiff's stock as aforesaid, that there was no intention on the part of Garrett or its stockholders to sell the assets or capital stock of the corporation; and

"(b) In failing to disclose to the plaintiff that MSL had in fact, indicated its willingness and desire to

acquire all of the capital stock and assets of Garrett."

Plaintiff further charges the individual defendants and Garrett with acts and conduct in contravention of § 10(b) of the Act and Securities Exchange Commission Rule X–10B–5.

The complaint seeks to impose liability on defendant MSL on the basis, inter alia, of its alleged assumption of Garrett's obligations.

Our review of the voluminous record in this case persuades us that there are present genuine issues as to material facts, and that defendants' motions should therefore be denied.

The nature of the case, and the issues involved, make it peculiarly unsuitable for summary disposition. As stated in Poller v. Columbia Broadcasting System, 368 U.S. 464, at p. 473, 82 S.Ct. 486, at p. 491, 7 L.Ed.2d 458 (1962):

"We believe that summary procedures should be used sparingly * * where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot."

The same principle is aptly expressed in Cross v. United States, 336 F.2d 431, at p. 433 (2d Cir. 1964):

"Summary judgment is particularly inappropriate where 'the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.' Empire Electronics Co. v. United States, 311 F.2d 175, 180 (2d Cir. 1962); See Alabama Great So. R. R. v. Louisville & Nashville R. R., 224 F.2d 1, 5 [50 A.L.R.2d 1302] (5th Cir. 1955); Subin v. Goldsmith, 224 F.2d 753, 758 (2d Cir. 1955). ' "A judge may not, on a motion for summary judgment, draw fact inferences. * * * Such inferences may be drawn only on a trial." ' Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3d Cir.

1960). While we have recently emphasized that ordinarily the bare allegations of the pleadings, unsupported by specific evidentiary data, will not alone defeat a motion for summary judgment, Dressler v. M/V Sandpiper, 331 F.2d 130 (2d Cir. 1964), this principle does not justify summary relief where, as here, the disputed questions of fact turn exclusively on the credibility of movants' witnesses."

See, also, Colby v. Klune, 178 F.2d 872 (2d Cir. 1949); Holdeen v. United States, 186 F.Supp. 76 (S.D.N.Y.1960).

## ORDER

Now, Sept. 2, 1965, it is ordered that defendants' motions to dismiss and for summary judgment be, and they are, denied.