BANDY v. MEYERS.

[No. 20,308. Filed January 19, 1966.]

*Vercil O. Springer,* and *Owen S. Kern,* of Indianapolis, for appellant.

*Keith L. Andrews, Robert W. Geddes, Harold W. Jones,* and *Smith & Jones,* of Indianapolis, for appellee.

CARSON, J.—This action was brought in the Marion Superior Court by the appellant against the appellee for specific performance of an option to purchase land owned by the appellee.

The issues were formed by the appellant's complaint for specific performance and appellee's answer in denial. The appellee also filed affirmative answer alleging lack of mutuality, inadequate consideration, failure of consideration, vagueness and uncertainty caused by alteration, failure of appellant to tender balance due, and ambiguity in the description of the property.

Trial was by the court and judgment was entered against the plaintiff-appellant on his complaint and for the defendant-appellee on her affirmative answers.

Appellant filed a motion for new trial and assigned as error that the decision of the court was not sustained by sufficient evidence; that the decision of the court was contrary to law; error of law occurring in the admission of certain testimony over the objection of the appellant dealing with the effect and statements set forth on the option to purchase. Said motion for new trial was subsequently overruled from which ruling this appeal is taken.

The appellant assigns as the sole error that:

"1. The Court erred in overruling Appellant's motion for new trial."

The facts are essentially as follows: On the 13th day of July, 1963, the plaintiff and defendant entered into a written option to purchase certain land owned by the appellee. The consideration for said agreement was stated to be one dollar. The agreement had been prepared by the appellant and the figures, before signing, in the space indicated for the length of the option was "180" typewritten. The instrument on its face, shows that the numbers "65" were superimposed in ink over the number "80" and the numeral "1" was left as is on the instrument. Beside the figures "165" on the instrument are the initials "K.L.A.;" "H.G.M." and "E.O.B.," shown by the evidence to be the initials of Keith L. Andrews, attorney for the appellee, Helen Grace Meyers, appellee, and Emmett O. Bandy, appellant. The property concerned in the option to purchase was described in the instrument as follows:

"Property owned by Helen Grace Meyers at South West corner of West 38th Street and Guion Road consisting of 3.847 acres or the acres remaining after the State of Indiana bought the right of way. Except: Grantor reserves a plot of ground 200 feet deep and adjoining the Haywood property on the South."

The evidence further shows that on November 27, 1963, the plaintiff sent the defendant a registered letter stating that he had the "money in hand" and was ready to exercise his option. The defendant informed the plaintiff that she had received his letter but that "your option had expired." Although three copies of said option were executed, at the trial, only two were introduced, the defendant having destroyed her copy as well as the check for the $1.00 consideration when she believed that the option had expired; i.e. after 60 days. The appellant testified at the trial that although he alleged tender of the balance due in his complaint, this tender was not in fact made.

The controlling question in this case is as to the length of the period of the option and whether or not the appellant had exercised his option within the agreed term and in compliance with the agreed conditions.

Various testimony was admitted at the trial stage as to the period of time encompassed by the option. The appellant claims that the instrument speaks for itself and that the period therefore was 165 days; that he exercised his option in sufficient time and that he is entitled to specific performance of the option. The appellee, at trial, testified that the period of the option was agreed to be 60 or 65 days. Keith Andrews, attorney for the appellee testified that the period of time contemplated was to be 65 days. The appellee argues that the parol testimony was properly admitted as, in situations where the meaning of the contract is ambiguous or where the contract is incomplete or an alteration has been made, the court may consider evidence of the surrounding facts, circumstances and negotiations.

We shall consider under appellant's assignment of error only the specifications in his motion for new trial which concern the admission of certain testimony over objection and the specification that the decision of the court is contrary to law. The specification that the decision of the court is not sustained by sufficient evidence presents no question for our consideration as this is an appeal from a negative judgment.

The general rule regarding the admission of parol evidence in reference to a written contract is that when two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence whether parol or otherwise, as to antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. Corbin on Contracts § 573, cited in 13 I. L. E. Evidence § 181.

An exception to this rule arises when the contract is doubtful in its meaning or ambiguous in its terms. Although the written contract must furnish the medium of its own interpretation when unambiguous, where ambiguity exists, the circumstances, situation of the parties and the conditions under which it was entered into may be shown by parol, not to enlarge or add to the agreement but to enable the court to interpret it. *Alexander* v. *Capitol Lumber Co.* (1914), 181 Ind. 527, 105 N. E. 45. The court's role in a controversy arising out of or concerning a written instrument was ably stated by our Supreme Court to be as follows:

> "In cases arising out of written contracts or instruments, it is always for the court to construe the language and make the interpretation, and it is for the purpose of informing the court's mind, when it thinks there is an ambiguity in the instrument, that evidence is heard as to the situation of the parties, the surroundings, etc., in order to construe it and lay down the rule concerning the party's rights thereunder." *Reid* v. *Klein et al.* (1894), 138 Ind. 484.

The court below in admitting the parol evidence objected to observed that its reason for the admission of said evidence was to present to the court all of the evidence possible in order to facilitate a proper determination of the case. The court further observed that had there been just one figure appearing upon the document in question instead of an alteration of said pertinent figures that said evidence might not have been admissable but due to the alteration the court was admitting the parol testimony in order to gain an understanding of the surrounding circumstances and situation at the time the option at issue was executed.

It is the opinion of this court that the figures appearing on the contract in the space provided for the length of the

option caused ambiguity and doubt as to the period of time intended, resultingly we determine that the court did not abuse its discretion and did not commit error in admitting parol evidence in respect thereto.

Since we determine that the court did not err in admitting said parol evidence it is evident that the court had the obligation of weighing such testimony after its admission and arriving therefrom at an interpretation of the contract. The evidence was in conflict and as such the lower court's determination having the witnesses before them is controlling. The court found specifically for the appellee on her affirmative answer, in essence determining that the period of the option was 60 days. This being the case the option was not exercised within the period. We therefore determine that the court arrived at a just determination of the issues presented and that its decision was not contrary to law. The other errors assigned by the appellant dealing with further questions of interpretation and the legal effect and validity of the contract therefore present no question for our consideration.

The judgment of the trial court is affirmed.

Prime, C. J., Wickens and Faulconer, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 344.