**Doyle R. FRANKLIN, Appellant (Defendant Below),**

v.

**Thomas L. WHITE and Susan White, Appellees (Plaintiffs Below).**

No. 4–1184A305.

Court of Appeals of Indiana, Fourth District.

June 18, 1985.

Rehearing Denied Aug. 5, 1985.

Gary J. Clendening, James L. Whitlatch, Bunger, Harrel & Robertson, Bloomington, for appellant.

Lewellyn H. Pratt, Bloomington, for appellees.

CONOVER, Judge.

Defendant-Appellant Doyle R. Franklin (Franklin) appeals a judgment of the Monroe Superior Court awarding plaintiffs-appellees Thomas L. White and Susan White (Whites) $11,433.25 with interest and order-

ing reconveyance of certain real estate to Franklin.

Affirmed.

ISSUES

This appeal presents the following issues:

1. Whether the trial court erred by admitting evidence of Franklin's oral representation to the Whites the real estate they were purchasing was suitable for a septic system made just prior to their execution of a real estate contract to purchase a lot in Franklin's subdivision.

2. Whether the evidence was sufficient to show the real estate was not suitable for a septic system.

3. Whether the contract could be rescinded for mutual mistake of the parties as to its suitability for a septic system.

FACTS

The Whites signed a contract to purchase an eight acre lot from Franklin in a subdivision he was developing near Ellotsville, Indiana. The Whites intended to build a home on the real estate they were purchasing. Just prior to signing the contract, Franklin told the Whites the lot was suitable for a septic system. The written contract was silent on that subject.

Later, the Whites applied to the Monroe County Plan Commission for a building permit. It was denied because the property was not certified as suitable for a septic tank system by the county health department. The Whites hired an engineering consulting firm. It conducted percolation tests on the real estate by drilling three holes, filling them with water, and determining how long it took the water to percolate into the soil from each hole. The real estate failed these tests because of lack of proper percolation, but a letter from the firm accompanying the tests said

> It should be noted, however, that the location of the test holes was not necessarily the best location on the property for perk tests, and that a test at a better location might pass.

DISCUSSION AND DECISION

### I. *Parol Evidence Rule*

Franklin argues the trial court erred by admitting evidence of his oral representation to the Whites the lot they were purchasing was suitable for septic because (a) as a general proposition, admission thereof violated the parol evidence rule, and (b) specifically, its integration clause makes this contract a whole, complete unto itself, and parol evidence thus is inadmissible by agreement of the parties. We disagree with both assertions.

When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence whether parol or otherwise, as to antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. *Creech v. LaPorte Production Credit Ass'n.* (1981), Ind.App., 419 N.E.2d 1008, 1010; *Erie Corp. v. Washington Square Restaurant, Inc.* (1974), 162 Ind.App. 149, 318 N.E.2d 367, 369; *American United Life Ins. Co. v. Peffley* (1973), 158 Ind.App. 29, 301 N.E.2d 651, 657; *Clark Mutual Life Ins. Co. v. Lewis* (1966), 139 Ind.App. 230, 217 N.E.2d 853, 856–857; *Bandy v. Meyers* (1966), 138 Ind.App. 202, 213 N.E.2d 344, 346; 13 Ind.Law Encycl. (Evidence) § 181; Corbin on Contracts § 573. The written contract here, however, made no reference at all to the real estate's suitability for the installation of a septic tank system. Because the extrinsic evidence regarding Franklin's representation on that subject does not vary or contradict the terms of the written contract, admission thereof into evidence did not violate the parol evidence rule.

The second prong of Franklin's argument, however, raises a more difficult question. The contract provides at paragraph XIV

> It is mutually understood and agreed that all previous communications and negotiations between the parties hereto, either verbal or written, which are not herein contained, are hereby withdrawn

and annulled or merged in this agreement. The parties have read and understood the whole of this agreement and now agree and state that no representation, promise or agreement not expressed in this contract has been made to induce either party to enter into it and there have been no representations of the reasonable value of the property herein described which have been made to or by either party of this agreement and that each party is relying upon his own judgment of such value after a personal inspection of the premises. The covenants and agreements therein contained and set forth shall extend to and be binding upon the parties hereto and their respective heirs, executors, administrators and assigns.

Franklin argues because the above-quoted language creates a fully integrated contract, all preliminary verbal negotiations and agreements by way of warranty attending the sale were merged into the final document signed by the parties. Thus, extrinsic evidence regarding prior oral representations is inadmissible, Franklin opines. He cites *Lewis, supra; Brown v. Russell* (1886), 105 Ind. 46, 4 N.E. 428; and 6 Ind.Law Encycl. (Contracts) § 195 in support of this argument. However, the oral representations made in *Lewis* and *Brown* were at variance with the terms of their written contracts. Further, neither case deals with the effect of an integration clause in a written contract on the admissibility of a prior or contemporaneous oral representation. Further, we have found no case in this state dealing with that subject. Thus, the integration clause question is one of first impression in this state. The question is whether an integration clause in a written contract precludes the admission into evidence of a prior or contemporaneous oral representation when

(a) the written contract is silent as to the representation's subject matter, and

(b) such representation is otherwise admissible under the parol evidence rule.

If given full effect, the integration clause here at issue would prohibit the admission of Franklin's oral representation the lot was suitable for a septic system, evidence which is admissible otherwise under these facts.

■ Agreements tending to impede the regular administration of justice are void as against public policy, regardless of the means used, the natural results, or the motive of the parties. *Brown v. First National Bank* (1893), 137 Ind. 655, 37 N.E. 158, 162–163; 6 Ind.Law Encycl. (Contracts) ¶ 86. Contracts which unduly tend to influence the production or suppression of evidence are void. *American Ben. Life Ass'n. v. Hall* (1933), 96 Ind.App. 498, 185 N.E. 344; Corbin on Contracts § 1430; 6 Ind.Law Encycl. (Contracts) § 86. The reason for this rule was cogently stated by the *Hall* court as follows:

If it were otherwise there could be no settled rule of evidence and every contract would of necessity have to provide what rules of evidence could be used in any suit on such contract. It is far better for the courts to make the rules of evidence for all cases as it is only by such method that any uniformity can be attained and any degree of certainty assured.

*Hall*, 185 N.E. at 345.

■ Because the integration clause attempts to prohibit the introduction of otherwise admissible evidence, it is void as against public policy. Thus, the trial court properly admitted such evidence preliminary to its consideration of the question of mutual mistake.

## II. *Mutual Mistake*

■ The trial court found the Whites would not have purchased this real estate if they had known they could not build a house on it. The court further found Franklin did not know it was not suitable for the installation of the septic system at the time he sold the property to the Whites. Thus, there was a mutual mistake as to a material fact.

Absent fraud by the seller, a purchaser may seek rescission of the contract where

he has relied upon misrepresentations as to a material fact by the seller. *Gardner v. Mann* (1905), 36 Ind.App. 694, 698, 76 N.E. 417, 418. Rescission of the contract was the proper remedy because the parties could be returned to the status quo.

### III. *Sufficiency of the Evidence*

Franklin finally argues the evidence is insufficient to support the court's finding the real estate was unsuitable for a septic system because the engineering report said in effect if other holes had been made, the property might have been found suitable after additional percolation testing.

In reviewing sufficiency of the evidence questions, we neither reweigh the evidence nor judge the credibility of witnesses. We consider the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 904; *Blank v. Meyer* (1984), Ind.App., 471 N.E.2d 718, 721. The evidence here establishes the lot was not certified by the county health department as suitable for a septic system, no building permit could be issued without such certification, and it failed the percolation tests that were run by the engineering firm. While the qualification language of the engineering report seems at first blush to be a contradiction of the report's contents, it is not. Such language is mere speculation. Additional holes in fact were not dug and tested. The court under all of the evidence in this case properly could and did determine the real estate was unsuitable for a septic system.

We find no error.

Affirmed.

YOUNG, J., concurs.

MILLER, P.J., concurs in result.