**Doyle R. FRANKLIN, Appellant,**

v.

**Thomas L. WHITE and Susan White, Appellees.**

**No. 53S04–8605–CV–469.**

Supreme Court of Indiana.

May 22, 1986.

Gary J. Clendening and James L. Whitlatch, Bunger, Harrell & Robertson, Bloomington, for appellant.

Lewellyn H. Pratt, Bloomington, for appellees.

William M. Evans and Steven K. Huffer, Bose McKinney & Evans, Indianapolis, for amicus curiae.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. Petition is brought by Doyle R. Franklin, Defendant and Appellant, who appealed from a judgment of the Monroe Superior Court awarding Plaintiffs-Appellees, Thomas L. and Susan White, $11,433.25, with interest, and ordered reconveyance of certain real estate to Petitioner Franklin.

The facts indicate little, if any, conflict. Franklin was developing a subdivision near Ellettsville, Indiana. The Whites intended to purchase a parcel of this real estate on which to build a home. Franklin told\the Whites the property was suitable for a septic system. The parties then entered into a written contract for the sale and purchase of the parcel. Subsequently, Whites' application to the Monroe County Commission for a building permit was denied because the property was not certified as suitable for a septic tank system by the County Health Department. The Whites hired an engineering consulting firm which conducted percolation tests on the real estate by drilling three holes, filling them with water, and determining how long it took the water to percolate into the soil from each hole. The real estate failed these tests because of a lack of proper percolation. The firm accompanied the test results with a letter which stated:

> "It should be noted, however, that the location of the test holes was not necessarily the best location on the property for a perk test, and that a test at a better location might pass."

The contract signed by the parties was silent as to the suitability of a septic tank system. The contract also provided an integration clause at Paragraph 14, stating:

> "It is mutually understood and agreed that all previous communications and negotiations between the parties hereto, either verbal or written, which are not herein contained, are hereby withdrawn and annulled or merged in this agreement. The parties have read and understood the whole of this agreement and now agree and state that no representation, promise or agreement not expressed in this contract has been made to induce

either party to enter into it and there have been no representations of the reasonable value of the property herein described which have been made to or by either party in this agreement and that each party is relying upon his own judgment of such value after a personal inspection of the premises. The covenants and agreements therein contained and set forth shall extend to and be binding upon the parties hereto and their respective heirs, executors, administrators, and assigns."

The trial court admitted oral representation to the Whites regarding the suitability of the property for a septic tank system and granted the Whites' prayer for recision of the contract on the basis of mutual mistake as to its suitability for a septic system.

Franklin appealed claiming the admission of his oral representation to the Whites as to its suitability for a septic system violated the parol evidence rule. He also argued the integration clause made this contract a whole contract complete unto itself and rendered extrinsic parol evidence inadmissible by agreement of the parties. Finally, he claimed there was insufficient evidence to show the real estate was not suitable for a septic system and therefore inadequate grounds were shown for recision based on mutual mistake of the parties.

The Court of Appeals, in *Franklin v. White* (1985), Ind.App., 479 N.E.2d 92, affirmed the judgment of the trial court but did so on additional grounds than those used by the trial court. The Court of Appeals did find that there was a mutual mistake as to a material fact and that recision of the contract was the proper remedy because the parties could be returned to the status quo. The Court of Appeals further found, however, that integration clauses in written contracts prohibit the introduction of otherwise admissible evidence and therefore are void as against public policy. We disagree with the latter holding of the Court of Appeals for two reasons. First, it was not necessary to reach the drastic conclusion of finding all integration clauses void to resolve this case and, second, such a pronouncement is an unreasonable limitation upon parties' right to contract. We accordingly grant transfer and vacate the opinion of the Court of Appeals but nevertheless affirm the judgment of the trial court.

The trial court found the Whites would not have purchased this real estate if they had known they could not build a house on it. The court further found Franklin did not know it was not suitable for the installation of the septic system at the time he sold the property to the Whites. There was thus a mutual mistake as to a material fact. It certainly was a material fact considering the facts and circumstances of this case. The parcel involved was one in a residential subdivision developed by Franklin and was therefore being sold for the purpose of residential use. Clearly, the purpose for which the Whites were purchasing this tract was to build a home.

The trial court properly determined the parol evidence rule did not exclude Franklin's oral representation to the Whites that the lot they were purchasing was suitable for residential use. Absent fraud by the seller, a purchaser may seek recision of the contract where he has relied upon misrepresentations as to a material fact by the seller. *Gardener v. Mann* (1905), 36 Ind.App. 694, 698, 76 N.E. 417, 418. The parol evidence rule has no application to exclude evidence of mistake. *Brames v. Crates* (1980), Ind.App., 399 N.E.2d 437; *Myers v. Maris* (1975), 164 Ind.App. 34, 326 N.E.2d 577; *see also Estate of Harvey Huffer* (1955), 125 Ind.App. 478, 126 N.E.2d 784. Also the parol evidence rule did not exclude Franklin's oral representation because this evidence was admissible to show Franklin's misrepresentation of material fact, whether intentional or not. In *Clarke Auto Co., Inc. v. Reynolds* (1949), 119 Ind.App. 586, 592, 88 N.E.2d 775, 778, the Appellate Court stated:

"Where there is a charge that the written contract was procured by fraud, then such conversations as to extrinsic war-

ranties and representations may be heard for the purpose of determining whether there was such fraud as invalidates the contract of sale or constitutes a cause of action for damages.... The fact that the officer or agent of appellant who made the representations did not know of their falsity, does not bar appellee's recovery."

Such constructive or unintentional fraud may have been an alternative ground for the trial court's holding. White's proffered parol evidence was therefore admissible on the issues of mistake and constructive fraud since parol evidence is always admissible to prove any basis for recision of a contract.

 The trial court's finding of mutual mistake, as clearly and correctly addressed by the Court of Appeals, was supported by sufficient evidence. The evidence at trial indicated the parcel was not certified by the county health department as suitable for a septic system, no building permit could be issued without such certification, and the parcel failed the percolation tests run by the engineering firm. Further, the evidence indicated both parties at the time of contracting thought the subject matter of the contract was a parcel suitable for residential use. The qualifying language used by the engineering report was merely speculative that holes drilled elsewhere might pass the test. There was therefore sufficient evidence to support the finding of mutual mistake.

 The Court of Appeals found the integration clause here was void as against public policy in that it prohibited the introduction of otherwise admissible evidence. This holding strongly implies that the Court of Appeals strikes down all integration clauses as against public policy and renders them void. We find such stringent restriction on parties' right to contract an impingement on those rights and unnecessary to protect the differing interests of the parties from a public policy standpoint. Agreements tending to impede the regular administration of justice are void as against public policy, regardless of the means used, the natural results, or the motive of the parties. *Brown v. First National Bank* (1893), 137 Ind. 655, 37 N.E. 158. Contracts which unduly tend to influence the production or suppression of evidence are void. *American Benefit Life Association v. Hall* (1933), 96 Ind.App. 498, 185 N.E. 344. In *American Benefit* the contract clause purported to define the evidence admissible to prove the fact of disability under an insurance policy. Thus, it was interpreted that the insurance policy at issue in that case was an attempt by the insurer to alter the judicial rules of evidence. The appellate court in *American Benefit*, 96 Ind.App. at 500, 185 N.E. at 344, 345, stated:

"If it were otherwise there could be no settled rule of evidence and every contract would of necessity have to provide what rules of evidence could be used in any suit on such contract. It is far better for the courts to make the rules of evidence for all cases as it is only by such method that any uniformity can be attained and any degree of certainty assured."

This Court also found in *Weaver v. American Oil Company* (1971), 257 Ind. 458, 468, 276 N.E.2d 144, 148, *reh. denied:*

"When a party can show that a contract which is sought to be enforced, was in fact an unconscionable one, due to a prodigious amount of bargaining power on behalf of a stronger party, which is used to the stronger party's advantage and is unknown to the lesser party, causing a great hardship and risk on the lesser party, the contract provision or the contract as a whole, if the provision is not separable, should not be enforceable on the grounds that the provision is contrary to public policy."

Accordingly, there are rules adequately protecting against the unconscionable use of integration clauses.

 The parol evidence rule is not a procedural rule that excludes evidence. It is a rule of preference and is one of substantive law which prohibits both the trial court and appellate court from considering

such evidence even though it was admitted to trial without objection. *Seastrom, Inc. v. Amick Construction Co., Inc.*, (1974), 161 Ind.App. 309, 315 N.E.2d 431. Thus, the integration clause of a contract is to be considered as any other contract provision to determine the intention of the parties and to determine if that which they intended to contract to is fully expressed in the four corners of the writing. Evidence, parol or otherwise, extrinsic to the written provisions of a contract will not be admitted for the purpose of varying or adding to that writing when it appears that both parties intended a complete integration of that contract in the written terms. *Creech v. LaPorte Production Credit Association* (1981), Ind.App., 419 N.E.2d 1008; *Erie Corp. v. Washington Square Restaurant, Inc.* (1974), 162 Ind.App. 149, 318 N.E.2d 367; *American United Life Insurance Co. v. Peffley* (1973), 158 Ind.App. 29, 301 N.E.2d 651. Thus, our Court of Appeals held in *Clark Mutual Life Insurance Co. v. Lewis* (1966), 139 Ind.App. 230, 234, 217 N.E.2d 853, 856, *reh. denied:*

> "A writing intended to be the final and complete agreement between two parties, is an integration, and no prior or contemporaneous oral agreements may be introduced into evidence to add to, subtract from or change the written instrument in any manner."

On the other hand, in *Malo v. Gilman* (1978), 177 Ind.App. 365, 368, 379 N.E.2d 554, 557, the Court of Appeals held:

> "Normally parol evidence may not be considered if it contradicts or supercedes matters intended to be covered by the written instrument. However, parol evidence may be admitted to supply an omission in the terms of the contract."

The Supreme Judicial Court of Maine, in *Sutton v. Stacey's Fuel Mart, Inc.* (1981), Me., 431 A.2d 1319, 1322, N. 3, held: "The determination of whether the parties intended a writing to be totally integrated must be based on all the relevant evidence. . . . A merger (integration) clause does not control the question of whether a writing was intended to be a completely

integrated agreement." An integration clause is only some evidence of the parties' intentions. The trial court should consider an integration clause along with all other relevant evidence on the question of integration. *Clarke Auto Co. Inc., supra.*

As demonstrated by the above cases, the weight to be accorded an integration clause will vary, depending on the facts and circumstances of each particular case. Where the parties are not in a position of power to bargain equally, the integration clause may not accurately express their meeting of the minds such as illustrated in *Weaver, supra.* However, where two sophisticated parties engage in extensive preliminary negotiations, an integration clause may, in fact, reflect their mutual intention to abandon preliminary negotiations in favor of a complete and final statement of the terms of their agreement. For example, in *N.L.R.B. v. Tomco Communications, Inc.* (1978 9th Cir.), 567 F.2d 871, the court held that management may rightfully insist on the inclusion of an integration or "zipper" clause in a collective bargaining agreement. The 9th Circuit referred to the utility of an integration clause in concluding labor negotiations for the term of the agreement. As stated in 38 Am.Jur.2d Guaranty § 124 (1968):

> "The exclusionary aspects of the parol evidence rule have been justified on the basis of reliance by the parties on the written document, and that to remove this reliance would destroy the confidence on which modern business has been built."

The Court of Appeals' decision in the instant case, if allowed to stand, would deprive all contracting parties of the opportunity to employ this effective drafting technique when it is the intention of all of the parties involved to do so.

 Integration clauses, rather than operating to exclude evidence, are merely probative of the parties' intentions. The parol evidence rule is a rule of preference. The written word is preferred as evidence because it is not subject to the vicissitudes of human memory. However, whether a

particular writing constitutes such preferred evidence must depend on the intentions of the parties. The true operation of the parol evidence rule is upon the effect of parol evidence once heard. If the court determines that a writing is integrated as to a specific term, then prior statements or negotiations of the parties which would tend to contradict that term as it appears in their final written expression are simply irrelevant. If the agreement is completely integrated, constituting a final and complete expression of all the parties' agreements, then evidence of prior or contemporaneous written or oral statements and negotiations cannot operate to either add to or contradict the written agreement. In any event, the preliminary question of integration, either complete or partial, requires the court to hear all relevant evidence, parol or written.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.