Ann **BABINCHAK** and Michael **Babinchak, Appellants–Plaintiffs,**

v.

The **TOWN OF CHESTERTON, Appellee–Defendant.**

No. 75A03–9112–CV–372.

Court of Appeals of Indiana, Third District.

Sept. 10, 1992.

David K. Galloway, Sr., Galloway & Jackson, Chesterton, for appellants-plaintiffs.

Bryce H. Bennett, Jr., Ryan L. Leitch, Riley Bennett & Egloff, Indianapolis, for appellee-defendant.

GARRARD, Judge.

This is an appeal from a summary judgment in favor of the Town of Chesterton. We affirm.

FACTS AND PROCEDURAL HISTORY:

On September 24, 1984, at approximately 1:00 P.M., Mrs. Ann Babinchak ("Babinchak") was walking along a sidewalk adjacent to 401 Broadway in the town of Chesterton, Indiana ("Chesterton"). It had rained the night before, leaving the grass slick and the dirt on the sidewalks muddy. While walking along a cracked and broken portion of the sidewalk, Mrs. Babinchak slipped and fell. In her deposition, Mrs. Babinchak stated that she slipped on dirt covering the sidewalk which was wet from the previous night's rain.

Mrs. Babinchak sustained injuries from her fall and on September 23, 1986 filed a personal injury action against Chesterton. On April 22, 1991, Chesterton moved for summary judgment claiming immunity from liability, under Ind.Code 34–4–16.5–3(3), for the temporary condition of a public thoroughfare resulting from weather. In addition, Chesterton asserted that there existed no genuine issue of material fact

based on Babinchak's deposition testimony. A hearing was set on Chesterton's motion for June 4, 1991. Babinchak and her attorney failed to attend this hearing and also failed to file any opposing affidavits or materials in opposition to Chesterton's motion for summary judgment.

In a rescheduled hearing held on June 12, 1991, Babinchak requested and was denied the opportunity to testify before the trial court regarding the fall on September 24, 1984. After hearing arguments and taking the matter under advisement, the trial court granted Chesterton's motion for summary judgment.

Babinchak then filed a motion to correct errors on July 17, 1991, and attached to it several photographs of the sidewalk where Mrs. Babinchak allegedly fell. These photographs were taken prior to the summary judgment hearing, but were not before the trial court when it ruled on Chesterton's motion. On August 19, 1991 the trial court denied Babinchak's motion and, on an oral motion by Chesterton, struck the attached photographs.

ISSUES:

Babinchak presents several issues on appeal which we restate as follows:

I. Whether the trial court erred in granting Chesterton's motion for summary judgment.

II. Whether the trial court erred by striking the photographs attached to Babinchak's motion to correct errors.

III. Whether the trial court erred by not permitting Babinchak to testify at the summary judgment hearing.

IV. Whether Babinchak may rely on subsection (6) of Ind. Code 34–4–16.5–3 to rebut Chesterton's claim of immunity from liability.

DISCUSSION:

Issue I:

Babinchak contends that the trial court erred in granting a summary judgment in favor of Chesterton. We disagree.

▄▄▄ Indiana Trial Rule 56(C) places the burden on the movant to establish the propriety of granting summary judgment.

The moving party must make a prima facie showing (1) that there is no issue as to any material fact, and (2) that the movant is entitled to judgment as a matter of law. If both requirements are met, the burden shifts to the nonmoving party to show specific facts indicating an issue of material fact. *Chrome Deposit Corp. v. Indiana Dept. of State Revenue* (1990), Ind. Tax, 557 N.E.2d 1110, 1117; *Rogers v. R.J. Reynolds Tobacco Co.* (1990), Ind.App., 557 N.E.2d 1045, 1049–50. In ruling on a motion for summary judgment, the trial court may not rely on briefs submitted by the parties, but must instead rely on the pleadings, depositions, answers to interrogatories, admissions on file, affidavits and testimony. *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind. App., 550 N.E.2d 778, 781.

▄▄▄ Recent amendments to Rule 56 have severely restricted what evidence may be considered by the trial and appellate court when deciding on and reviewing a motion for summary judgment. Rule 56(C) specifically states:

"At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact, which that party asserts precludes entry of summary judgment and the evidence relevant thereto.... [T]he court shall make its determination from evidentiary matter designated to the court."

In addition, subsection (H) states:

"No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

It is clear from these amended rules that a court may not search the record when making a decision about the motion. This represents a shift from prior practice. Nei-

ther the trial court nor the appellate court may ground its determination in materials that have not been designated to the trial court by the parties.

In this instance, Chesterton met its initial burden of proof. Chesterton designated to the trial court facts indicating immunity under Ind.Code 34–4–16.5–3(3), the temporary condition of a public thoroughfare which results from weather. In its brief, Chesteron specifically mentioned and included copies of Babinchak's original complaint, a relevant portion of Babinchak's deposition testimony, and a portion of Chesterton's answer to support its allegation. In addition, Chesterton directed the trial court to the specific statutory section relied upon and cited authority indicating that it was entitled to a summary judgment as a matter of law.

After this prima facie showing, the burden shifted to Babinchak to designate specific facts to the trial court which would indicate the existence of an issue of material fact. Babinchak, however, failed to file anything in opposition to Chesterton's motion for summary judgment or to designate any facts before the trial court that would indicate an issue of material fact. At this point in a motion for summary judgment the nonmovant may not rest upon the allegations or denials in his pleadings, but must respond with affidavits or other evidence setting forth specific facts showing that there is a genuine issue in dispute. *Chrome Deposit, supra* at 1117; *Sutton v. Sanders* (1990). Ind.App., 556 N.E.2d 1362, 1366; Ind. Trial Rule 56(E). If the nonmoving party fails to meet his burden, summary judgment may be entered against him. *Chrome Deposit, supra* at 1117; T.R. 56(E). In this case, Babinchak failed to meet her burden. The trial court, therefore, did not err in entering summary judgment against her.

Issue II:

Next Babinchak contends that the trial court erred in refusing to grant her an opportunity to testify at the summary judgment hearing. We disagree.

First, Babinchak cites no authority in either her brief or her reply brief to support her allegation of error. Failure to cite authority in support of an argument will waive such error for appeal. *Samuel–Hawkins Music Co. v. Ashby* (1965), 246 Ind. 309, 205 N.E.2d 679, 682; *Sutton v. State* (1986), Ind.App., 495 N.E.2d 253, 260, *trans. denied.*

Second, Indiana Trial Rule 56(E) gives the trial judge discretion over whether or not to permit the testimony of witnesses at a summary judgment hearing. *Deckard v. Mathers* (1972), 152 Ind.App. 440, 284 N.E.2d 92, 96, *trans. denied;* T.R.56(E). When the alleged error falls within the discretionary power of the trial court, absent a showing of prejudice, the court of appeals will not reverse. *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 121, *trans. denied.* We presume that the trial court applied the law correctly and the burden is on the appellant to show reversible error. *Ake v. National Educ. Ass'n—South Bend* (1988), Ind.App., 531 N.E.2d 1178, 1179.

In this instance, Babinchak has failed to demonstrate an abuse of discretion by the trial judge. Absent such a demonstration, we cannot say that the trial court erred in refusing to allow Babinchak's testimony at the summary judgment hearing.

Issue III:

Babinchak also contends that the trial court erred by striking the photographs appended to her motion to correct errors. We disagree.

As in the previous issue, Babinchak cites no authority to support her allegations of error. *See Samuel–Hawkins, supra,* 205 N.E.2d at 682; *Sutton v. State, supra,* at 260.

Even absent waiver, however, the trial court did not err in striking the photographs. Error generally may not be predicated upon evidence which was not before the trial court at the time of the summary judgment. *Johnson v. Rutoskey* (1984), Ind.App., 472 N.E.2d 620, 623; *Wisconics Engineering, Inc. v. Fisher* (1984), Ind. App., 466 N.E.2d 745, 754, *trans. denied.*

An exception exists in the case of newly discovered evidence which may, by affidavit, be asserted upon the motion to correct error if the proponent could not, with reasonable diligence, have earlier discovered and produced such evidence. *Johnson, supra* at 623; T.R.59(A)(1).

In this case, the photographs appended to Babinchak's motion were not newly discovered evidence, nor does she so argue. Babinchak's deposition indicates that the photographs were in existence before her deposition was taken and well before the hearing on the motion for summary judgment. There are, therefore, no grounds upon which the trial court could properly have considered the photographs in a motion to correct errors. No error was committed.

Issue IV:

Finally, Babinchak asserts that the Town of Chesterton acted in a ministerial, rather than discretionary, capacity under Ind. Code 34–4–16.5–3(6) when it undertook to build sidewalks, and that this ought to preclude an adverse summary judgment. This argument is without merit.

First, we do not consider arguments raised for the first time on appeal. *Sutton v. State, supra* at 261. Failure to raise errors which existed at trial may not be remedied in a post trial motion to correct errors or on appeal. *Stewart v. Fort Wayne Community Schools* (1989), Ind. App., 535 N.E.2d 1238, 1239 n. 2. Babinchak's argument about ministerial capacity was raised for the first time in her motion to correct errors. This argument was not raised or considered before that time. The error is therefore waived for appeal.

Second, even if this issue had been properly raised below, Babinchak's argument concerning ministerial capacity must fail. Ind.Code 34–4–16.5–3 gives governmental entities immunity from liability for losses resulting from any one of 17 enumerated categories of activity. The statute separates each of the 17 subsec-

tions with the word "or." It is a generally accepted rule of statutory construction that where the legislature uses the disjunctive "or," and no portion of the statute is thereby rendered meaningless, effect must be given to the plain words used by the legislature. *R.L. v. State* (1982), Ind.App., 437 N.E.2d 482, 485. Accordingly, Ind.Code 34–4–16.5–3 provides 17 separate and distinct instances where governmental immunity is available. It is necessary for Chesterton to qualify for only one category in order for immunity to attach. Chesterton did not need to address or rebut all 17 sections. Because the trial court found that Chesterton qualified under subsection (3), there was no need to address whether or not Chesterton was engaged in a discretionary or ministerial function under subsection (6).

CONCLUSION:

For the forgoing reasons, the judgment of the trial court is affirmed.

STATON and BARTEAU, JJ., concur.