Sean P. **KEATING**, Appellant–Plaintiff,

v.

Bryce M. **BURTON**, Burton Mechanical Contractors, Inc. and Ebara Corporation, Appellees–Defendants.

No. 43A04–9203–CV–73.

Court of Appeals of Indiana, Fourth District.

July 28, 1993.

Rehearing Denied Sept. 14, 1993.

Alan H. Lobley, Gary J. Dankert, Ice Miller Donadio & Ryan, Indianapolis, for appellant-plaintiff.

Stephen C. Carlson, Thomas A. Roberts, Gloria R. Mitka, Sidley & Austin, Chicago, IL, Richard W. Morgan, Mark D. Boveri, Barnes & Thornburg, South Bend, for appellees-defendants.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant Sean P. Keating (Keating) appeals the grant of summary judgment in favor of Defendants–Appellees Bryce M. Burton (Burton), Burton Mechanical Contractors (BMC), and Ebara Corporation (Ebara). We affirm.

### Issues

Keating presents two (2) issues for our review, which we consolidate and restate as follows: whether the trial court properly entered summary judgment in favor of Burton, BMC, and Ebara.

### Facts and Procedural History

Keating owns Nelson–Keating, a small mechanical contracting business in Lafayette, Indiana.

During February and March of 1987 Keating met with Burton, sole shareholder of BMC, to discuss the possibility of Keating working for Burton and purchasing the mechanical contracting division of BMC. During the course of these meetings, Burton presented Keating with drafts of an employment agreement and a stock option agreement. The drafts provided for a three year term of employment and also set out the terms of the proposed purchase option over five years.

During two months of negotiations, Burton and Keating met for the final time in March. At this meeting Keating told Burton that he still did not agree with the termination clause in the employment agreement and could not sign the documents the way they were. He called the documents "workable" and told Burton that they would let the attorneys work out the "details."

In April 1987 Keating moved to Rochester to begin working for BMC as a contract estimator. While Keating was in Rochester, Nelson–Keating continued to do service work but did not solicit any new contract work. Keating and Burton did not discuss the employment agreement or purchase agreement after Keating began working for BMC. In September 1988 Burton curtailed Keating's estimating duties because of alleged mistakes. Keating then left the employ of BMC.

Burton sold BMC, including the mechanical contracting division, to Ebara in November 1988. Keating filed a complaint against Burton, BMC and Ebara alleging breach of employment agreement and stock option agreement and inducement to breach.

Burton and BMC filed their motion for summary judgment on May 22, 1991. On November 13, 1991, the trial court entered its order granting summary judgment in favor of Burton, BMC, and Ebara.

### Discussion and Decision

 In summary judgment proceedings, the burden of production is on the moving party to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Pour v. Basic American Medical, Inc.* (1990), Ind.App., 555 N.E.2d 155, *reh. denied.* The moving party must make a prima facie showing that 1) there is no issue of material fact, and 2) the movant is entitled to judgment as a matter of law. If both requirements are met, the burden then shifts to the nonmoving party to show specific facts indicating an issue of material fact. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101, *reh. denied.* Rational assertions of fact and reasonable inferences therefrom are deemed to be true. *Jordan v. Deery* (1993), Ind., 609 N.E.2d 1104, 1107. Any doubt as to a fact, or an inference to be drawn therefrom, is resolved in favor of the nonmoving party. *Perry v. Stitzer Buick, GMC, Inc.* (1993), Ind.App., 604 N.E.2d 613, 617.

 As a reviewing court, we are no longer free to search the entire record to

support the judgment of the trial court. *Inland Steel v. Pequignot* (1993), Ind.App., 608 N.E.2d 1378, 1381, *trans. denied.* The 1991 amendments to Ind.Trial Rule 56 have substantially limited the scope of materials in the record the trial court may examine when determining the propriety of summary judgment and, correspondingly, what parts of the record we may properly consider on review. *Id.* T.R. 56(C) states in pertinent part that:

> At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the trial court each material issue of fact which that party asserts precludes summary judgment and the evidence relevant thereto.

Here the trial court stated in its order that it had "considered all documents" in connection with the motion. The use of any material not properly designated by the parties pursuant to the rule is error. In reviewing the grant of summary judgment in favor of Burton, BMC, and Ebara, we will not consider any materials within the 2500 page record which have not been properly designated.

■ The court held in *Czaja v. City of Butler* (1992), Ind.App., 604 N.E.2d 9, 10, that although the rule does not specify the particular form for a designation, a party may meet the designation requirements either in a writing or in an oral presentation to the trial court if no written response is made. This court further held that T.R. 56(C) requires the designation to be made "at the time of the filing or response...." In accordance with T.R. 56(C) we will look only to the evidentiary materials designated to the trial court at the time of the filing of the motion and at the time of the filing of the response.

In *Czaja,* the court also suggested that the interests of the parties and of good practice are better served if an opponent of a motion responds in writing, specifically designating material issues of fact, the evidence relevant to the facts, and where it may be found in the record. *Id.* Similar to the court's recommendations in *Czaja,* our supreme court has set out the better practice for the parties is to clearly and succinctly state the material factual issues and the pertinent parts of the record relevant to those factual issues in the actual motion or response to the motion. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431.

■ The trial court determined that there are no genuine issues of material fact and that Burton, BMC, and Ebara are entitled to summary judgment as a matter of law. After reviewing only the evidentiary materials properly designated by the parties, we agree that summary judgment is appropriate. In *Keating v. Burton* (1989), Ind.App., 545 N.E.2d 35, 38,[1] this court determined that the alleged employment agreement and stock option agreement fall within the Statute of Frauds [2] because neither agreement was reduced to a writing signed by Burton. We went on to hold that Keating's allegations, if proved, constituted an unjust and unconscionable injury and loss sufficient to remove the claim from the Statute of Frauds. *Id.* Under the law of the case doctrine, we are bound by our previous determination of the legal issue, given that the case and the facts are the same. *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 607.

■ Keating alleged in his complaint that he gave up a "growing mechanical contracting business that had a substantial future" in "reliance on the agreement between Mechanical [BMC] and Keating." To determine if an unjust and unconsciona-

---

1. The first appeal of this matter involved the trial court's dismissal of Keating's amended complaint on the ground that his claims were barred by the Statute of Frauds.

2. IC 32–2–1–1 (contract that cannot be performed within one year); IC 26–1–8–319 (contract for the sale of securities).

ble injury and loss existed, we must first determine whether independent consideration exists. *Keating*, 545 N.E.2d at 38, quoting *Whiteco Industries, Inc. v. Kopani* (1987), Ind.App., 514 N.E.2d 840, 845, *trans. denied.* The essential requirement is that the employee give up a permanent employment or an employment which provided unique features of tenure, retirement rights, etc. to which the employee was then entitled and which he forfeited to accept the new employment. *Whiteco*, 514 N.E.2d at 846. In addition, neither the actions involved in moving one's household to a new location nor the mere relinquishment of an existing employment are sufficient to constitute independent consideration. Such acts are considered as merely placing the employee in a position to accept the employment. *Id.*, at 844.

■ The designated material evidence shows that Keating did not give up his business when he went to work for BMC. Nelson–Keating remained in operation even while Keating was working in Rochester. The business remained active until June 1988. Keating continues to own the Nelson–Keating building and equipment, but chose not to continue the business after he left BMC. While Keating did move to Rochester to work for BMC, he did not give up his residence in Lafayette, which was located in the Nelson–Keating building. Based on these facts we find that Keating did not suffer an injury which was unjust or unconscionable when he took employment with BMC. Because of our finding we need not determine whether Keating gave up a "growing business with a substantial future." As such, Keating cannot avoid operation of the Statute of Frauds.

Assuming that Keating could avoid operation of the Statute of Frauds, summary judgment is still appropriate. The designated material evidence shows that there was not an oral contract between Keating and Burton.

■ The question of whether a certain or undisputed set of facts establishes a contract is one of law for the trial court. *Indianapolis v. Twin Lakes Enterprises* (1991), Ind.App., 568 N.E.2d 1073, 1079, *reh. denied, trans. denied.* In order for a contract to exist, there must be an offer and an acceptance of the offer which meets the terms of the offer in every respect. *Gregory and Appel v. Duck* (1984), Ind. App., 459 N.E.2d 46, 51. For a completed oral contract to exist, the parties must agree to all terms of the contract, regardless of whether they anticipated a written contract. *Foster v. United Home Improvement Co., Inc.* (1981), Ind.App., 428 N.E.2d 1351, 1356.

■ Keating and Burton negotiated the terms of the employment agreement and stock option agreement over a two month period. At their final meeting, Keating would not sign the agreements because of his disagreement with the termination clause in the employment agreement, but called the agreements substantially workable. He told Burton they would let the attorneys work out the details and he would come to work at BMC. Keating and Burton did not discuss the draft agreements after this meeting. In addition, paragraph 6 of Keating's Second Amended Complaint states "Keating was in agreement with the draft agreements except for the provision for termination for cause at the sole discretion of Burton in the employment agreement. Burton and Keating then agreed to resolve this problem in the employment agreement and certain aspects of the sale which affected Burton." This undisputed evidence shows that Keating and Burton did not agree to all terms of the employment agreement. Accordingly, a valid oral contract did not exist between Keating and Burton.

■ We find that there is no genuine issue of any material fact and Burton and BMC are entitled to judgment as a matter of law. With respect to Ebara, Keating has not presented argument that the trial court erred in granting summary

judgment in Ebara's favor. Because he presents no argument regarding his claim against Ebara, Keating has waived the issue concerning Ebara. *Foster v. Adoption of Federspiel* (1990), Ind.App., 560 N.E.2d 691, 692; Ind.Appellate Rule 8.3(A)(7). Notwithstanding the waiver, summary judgment in favor of Ebara is appropriate because of our finding that no contract existed between Keating and Burton. An action for inducing breach of a contract cannot exist without an underlying contract. *Helvey v. O'Neill* (1972), Ind., 288 N.E.2d 553, 559. Ebara is therefore entitled to summary judgment as a matter of law.

Affirmed.

MILLER and CONOVER, JJ., concur.