**Samantha GRAHAM, Appellant–Plaintiff,**

v.

**VASIL MANAGEMENT COMPANY, INC., Village Management Company, and Jen Properties, Appellees–Defendants.**

No. 49A04–9303–CV–116.

Court of Appeals of Indiana, Fourth District.

Aug. 19, 1993.

Irving L. Fink, Yosha Cline Farrell & Ladendorf, Indianapolis, for appellant-plaintiff.

Carolyn A. Hallanger, Joseph W. Hammes & Associates, Indianapolis, for appellees-defendants.

CONOVER, Judge.

Plaintiff–Appellant Samantha Graham appeals the grant of summary judgment in favor of Defendants–Appellees Vasil Management Company, Inc., Village Management Company, and Jen Properties (collectively, Landlord).

We reverse.

The sole issue for our review is whether the trial court erred in granting summary judgment.

On December 5, 1991, Graham filed a complaint in Marion County Municipal Court, alleging Landlord "illegally" and "maliciously" filed a legal action against her. (R. 7–8). On October 22, 1992, Landlord filed a motion for summary judgment. (R. 65–68).[1] On December 18, 1992, the trial court granted Landlord's motion. The order granting the motion stated, "After consideration of this Court's file, pleadings, affidavits and documents filed in connection with this Motion, the Court now finds that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law." (R. 84).

---

1. Landlord had previously filed a similar motion. This motion was denied by the trial court.

The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *United Farm Bureau Mutual Insurance Co. v. Schult* (1992), Ind.App., 602 N.E.2d 173, 174, *reh. denied.* A fact is "material" for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Slay v. Marion County Sheriff's Dept.* (1992), Ind.App., 603 N.E.2d 877, 884, *trans. denied.* With regard to the trial court's consideration of a summary judgment motion, our supreme court has held:

Effective January 1991, we modified the summary judgment process through amendments to T.R. 56. No longer can parties rely without specificity on the entire assembled record—depositions, answers to interrogatories, and admissions—to fend off or support motions for summary judgment. It is not within the trial court's duties to search the record to construct a claim or defense for a party. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101 [reh. denied] ("It is clear from ... amended [T.R. 56] that a court may not search the record when making a decision about [a] motion" for summary judgment).

To promote the expeditious resolution of lawsuits and conserve judicial resources, T.R. 56(C) now requires each party to a summary judgment motion to "*designate* to the court *all parts* of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." ... The trial court must enter summary judgment if the "*designated evidentiary matter* shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (Emphasis in original).

*Rosi v. Business Furniture Corp.* (1993), Ind.App., 615 N.E.2d 431, 434.

In *Keating v. Burton* (1993) Ind.App., 617 N.E.2d 588, this court stated:

As a reviewing court, we are no longer free to search the entire record to support the judgment of the trial court. The 1991 amendments to Ind. Trial Rule 56 have substantially limited the scope of materials in the record the trial court may examine when determining the propriety of summary judgment and, correspondingly, what parts of the record we may properly consider on review. T.R. 56(C) states....

Here the trial court stated in its order that it had "considered all documents" in connection with the motion. The use of any material not properly designated by the parties pursuant to the rule is error. In reviewing the grant of summary judgment in favor of [appellees], we will not consider any materials within the 2,500 page record which have not been properly designated.

The court held in *Czaja v. City of Butler* (1992), Ind.App., 604 N.E.2d 9, 10, that although the rule does not specify the particular form for a designation, a party may meet the designation requirements either in a writing or in an oral presentation to the trial court if no written response is made. This court further held that T.R. 56(C) requires the designation to be made "at the time of the filing or response ..." In accordance with T.R. 56(C) we will look only to the evidentiary materials designated to the trial court at the time of the filing of the motion and at the time of the filing of the response.

In *Czaja*, the court also suggested that the interests of the parties and of good practice are better served if an opponent of a motion responds in writing, specifically designating material issues of fact, the evidence relevant to the facts, and where it may be found in the record. *Id.* Similar to the court's recommendations in *Czaja*, our supreme court has set out the better practice for the parties is to clearly and succinctly state the material factual issues and the pertinent parts of

the record relevant to those factual issues in the actual motion or response to the motion.

*Keating,* 617 N.E.2d at 590–591 (Citations omitted).

In the present case, Landlord neglected to designate *any* evidentiary matter in support of its motion. In granting Landlord's motion, the trial court searched the record to justify its decision. The trial court erred in doing so.

Reversed.

SHARPNACK, C.J., and MILLER, J., concur.