George M. KISSELL and Marlene J. Kissell, Appellants–Plaintiffs,

v.

James L. VANES, Dana Vanes and Mary LaMarr, Appellees–Defendants.

No. 57A03–9304–CV–147.

Court of Appeals of Indiana, Third District.

Feb. 28, 1994.

Robert W. Haller, George Sistevaris, Robert W. Eherenman, Haller & Colvin, Fort Wayne, for appellants-plaintiffs.

Richard K. Muntz, Muntz & VanDerbeck, P.C., LaGrange, for appellees-defendants.

HOFFMAN, Judge.

Appellants-plaintiffs George M. Kissell and Marlene J. Kissell (collectively "Kissells") appeal from the grant of summary judgment in favor of defendants-appellees James L. Vanes, Dana Vanes and Mary LaMarr on their amended complaint for rescission of a real estate purchase agreement and for money damages.

The facts relevant to this appeal disclose that the Kissells' amended complaint was filed on October 9, 1992. On November 9, 1992, the Vanes and LaMarr sought summary judgment against the Kissells on their amended complaint by filing a motion and supporting memorandum with the trial court. After a hearing, the trial court granted their motion.[1] This appeal ensued.

The Kissells raise two issues on appeal which we consolidate and restate as: whether the trial court erred by granting summary judgment in favor of the Vanes and LaMarr.

As of the January 1, 1991 amendments to Ind.Trial Rule 56(C), the parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matter which supports their respective positions. T.R. 56(C) provides:

"*At the time of filing the motion or response, a party shall designate to the court* all parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. *A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment*

---

1. In the present case, the trial court entered findings of fact and conclusions of law. Although such findings facilitate appellate review by offering both this Court and the appellants valuable insight into the lower court's rationale, they have no other effect. *See Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, 1106. Thus, we will not rely on the findings but will instead review this case according to the T.R. 56(C) standard.

*and the evidence relevant thereto....*" (Emphasis added.)

T.R. 56(C). Summary judgment is appropriate only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

As was the case before the amendments, the initial burden is on the party seeking summary judgment to show the propriety of granting the motion. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101, *reh. denied.* Relying on specifically designated evidence, the moving party must make a *prima facie* showing: (1) that there are no issues of material fact; and (2) that the movant is entitled to judgment as a matter of law. *Id.* Only when these two requirements are met does the burden then shift to the non-moving party who must point to specifically designated facts which establish an issue of material fact. *Id.*

Because the purpose of the amendments to T.R. 56 is to decrease the amount of evidentiary material trial courts are required to sift through in ruling on summary judgment motions, *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 19, *trans. denied,* neither the trial court nor this Court on appeal can look beyond the evidence specifically designated to the trial court. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010, 1012. Although T.R. 56(C) is silent as to the specificity required for designations, this Court in *Pierce* explained that a proper designation consists of: (1) a list of the factual matters which are or are not in dispute, (2) supported by a specific designation to their location in the record, and (3) a brief synopsis of why those facts are material. *Pierce,* 618 N.E.2d at 19. Designating various pleadings, discovery material, and affidavits in their *entirety* fails to meet the specificity required under the rule. *Intelogic Trace Texcom v. Merchants National Bank, et al.* (1993), Ind.App., 626 N.E.2d 839, 842 n. 4. Moreover, as the rule itself indicates, the proper time for designating evidence is "[a]t the time of filing the motion or response...." T.R. 56(C).

The Vanes and LaMarr requested summary judgment on November 9, 1992, over a year and a half after the amendment to T.R. 56(C) requiring designation. However, a review of their motion discloses that they made no attempt to designate any evidence in support of their position. Likewise, their supporting memorandum exhibits a mere cursory reference to discovery materials. "It is not within a trial court's duties to search the record to construct a claim or defense for a party." *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434–5. The Vanes and LaMarr's motion for summary judgment fails to meet the designation requirements of T.R. 56(C). Failing to meet their initial burden under T.R. 56(C), we need not go any further in the analysis. Summary judgment granted in their favor was in error. The decision of the trial court is reversed.

Reversed.

BAKER, J., concurs in result with opinion, in which STATON, J., concurs.

BAKER, Judge, concurring.

I concur in the reversal of summary judgment but for a different reason. First, I believe the majority erroneously holds form over substance in its application of Ind.Trial Rule 56(C). In discussing the 1991 amendments to T.R. 56(C) in *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434, our supreme court stated, "It is not within a trial court's duties to search the record to construct a claim or defense for a party." Although T.R. 56(C) requires parties to designate materials in support of summary judgment, the rule does not prohibit a court from resolving the motion on its merits if the movant fails to designate specific materials. In this respect, I disagree with the majority's reversal and with the reasoning employed in *Graham v. Vasil Management Co.* (1993), Ind.App., 618 N.E.2d 1349.

The majority decision and *Graham* do not further the purposes of T.R. 56(C)'s designation requirement, but hinder them. Those purposes are to promote the expeditious resolution of lawsuits and to conserve judicial

resources. *Rosi* at 434. Although the trial court could have denied summary judgment for the movant's failure to designate specific materials in its motion, the court chose to review the arguments.[2] The trial court's action negates the application of the rule. When the reason for applying a rule does not exist, the rule should not be blindly enforced.

In addition, the trial court set forth findings detailing the materials upon which it based its grant of summary judgment. Rather than wasting valuable judicial resources and impeding the resolution of this case by reversing the trial court because the movant did not comply with T.R. 56(C), we should look at the same materials the trial court noted in its findings to determine whether summary judgment was proper.

Upon review of the trial court's findings and conclusions and the materials it considered, I find that summary judgment in favor of the Vanes and LaMarr was contrary to law. The trial court based its determination upon the amended complaint, the deposition of Mary LaMarr, and the affidavits of George Kissell, Marlene Kissell, Ralph Holler, and Donald Albersmeyer.[3] Record at 74.

The facts, as found by the trial court and supported by the materials upon which it relied, are that the Vanes owned Lot 5 in Egli's Peninsula Addition. As the name implies, water surrounded Lot 5 on three sides. The Vanes decided to sell Lot 5 and listed the property with Mary LaMarr. Lot 5 was advertised as a three-acre "building lot" with a list price of $35,000. The Kissells discussed with LaMarr the possibility of buying a lot to build a year-round home. The Kissells viewed Lot 5 several times. On June 20, 1989, LaMarr recommended that the foundation for a house built on Lot 5 be on a "floating crawl space" three blocks above ground level. On July 10, 1989, the Kissells met at Lot 5 with LaMarr and a LaGrange County sanitarian, who also recommended a floating crawl space foundation. During the Kissells' meetings with LaMarr, the soil conditions were not discussed. On August 20, 1989, the Kissells bought Lot 5 for $30,000.

Ralph Holler, the Kissells' expert, averred that the soil conditions on Lot 5 consisted of marl at least 30 feet deep that would not support a house with a standard foundation. Based upon Holler's opinion, at least 55 foot pilings costing approximately $30,000 would be required to support a residence on Lot 5. Donald Albersmeyer, a real estate appraiser, estimated that the soil conditions of Lot 5 would greatly decrease the fair market value of the property for residential use.

Neither the Kissells nor the Vanes were aware of the soil conditions or the need for a piling foundation at the time of the sale. Lot 5 is zoned for residential use and the restrictive covenants of the subdivision exclude non-residential uses.

The trial court concluded that no express warranties were violated because no representations were made to the Kissells about the soil conditions and foundation requirements. Also, the trial court failed to find a mutual mistake of fact regarding the land since no express conditions were made dur-

2. At the time of the filing of the summary judgment motion, the record consisted only of the amended complaint, answer, and LaMarr's deposition. The Vanes and LaMarr failed to offer specific page citations to LaMarr's deposition testimony upon which they based their motion for summary judgment; nonetheless, for the reasons stated above, I do not believe denial of summary judgment is warranted based solely upon the parties' failure to comply strictly with T.R. 56(C).

   I realize that T.R. 56(H) precludes an appellate court from reversing summary judgment on the ground that a genuine issue of material fact exists unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. The purpose of this rule is to limit appellate review to those materials considered by the trial court. Here, the materials the trial court relied upon are noted in its findings. In addition, the Vanes and LaMarr's supporting memorandum to the motion for summary judgment designated the amended complaint and LaMarr's deposition as the bases supporting their argument. Contending that the facts are undisputed, their motion for summary judgment focused upon the application of Indiana law, arguing that the Kissells failed to state valid causes of action. Except for pinpointing pages in LaMarr's deposition, no other designation of portions of the record would have been necessary.

3. These affidavits were filed with the court subsequent to the motion for summary judgment and relied upon by the Kissells in their motion opposing summary judgment.

ing negotiations or in the contract. The court further concluded that Lot 5 was not unusable, but only that construction would involve substantial extra expense. Additionally, the trial court determined that the Kissells' implied warranty theory failed because Indiana has not extended the warranty of habitability to the sale of undeveloped land. The trial court entered summary judgment for the Vanes holding that the Kissells had not stated any recognizable cause of action.

I disagree with the trial court's conclusion that the Vanes and LaMarr were entitled to summary judgment on the Kissells' claim for rescission based upon a mutual mistake of fact. Indiana allows rescission where both parties share a common assumption about a vital fact upon which they based their bargain, that assumption is false, and because of the mistake a quite different exchange of values occurs from the exchange of values contemplated by the parties. *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 416. Furthermore, the mistaken fact must be one that is "of the essence of the agreement, the *sine qua non.*" *Id.* The mistaken fact must animate and control the conduct of the parties. *Id.*

The Kissells contend that the ability to construct a residence upon Lot 5 was a material fact going to the heart of their agreement. The Vanes and LaMarr contend the mistake is not material and not the essence of the sale because the contract does not expressly state that the Kissells bought the lot to build a residence. The Vanes and LaMarr incorrectly identify the mistake as concerning the subsoil conditions and contend that the lack of knowledge of the subsoil conditions was not the essence of the sale. Contrary to the Vanes and LaMarr's contentions, the mutual mistaken fact alleged is the ability to construct a residence on Lot 5.

In *Franklin v. White* (1986), Ind., 493 N.E.2d 161 (a familiar case because I was the trial judge), a mutual mistake of fact was established where the property was not suitable for a septic tank system when the parties had contemplated that the property would be for residential use. The supreme court affirmed the trial court's grant of rescission. *Id.* The parties' mutual mistake

that the residential subdivision lot sold for residential use was suitable for such purpose was sufficient evidence to support the action. *Id.* at 165. The result in *Franklin* directs reversal of summary judgment in the instant case.

The materials designated in the trial court's findings reflect that LaMarr knew the Kissells wanted to buy property to build a year-round home. In fact, LaMarr indicated that a floating crawl space foundation should be used on Lot 5. Also, the Vanes advertised the real estate as a "building lot." The common assumption of the parties was that Lot 5 was suitable for building purposes. Instead of the Kissells buying property upon which a home could be built and the Vanes selling property at a price indicative of residential use, the result of the exchange is in dispute. The parties clearly contemplated that Lot 5 was suitable for construction of a residence, and thus, whether construction is possible is a genuine issue of material fact that precludes summary judgment.

The Vanes and LaMarr also argue that construction is not impossible, only more expensive than expected; thus, rescission is not appropriate. A buyer need not show impossibility to obtain rescission. In *Franklin*, rescission was granted even though some evidence speculated other tests might show construction was possible. *See also Vermette v. Andersen*, 16 Wash.App. 466, 558 P.2d 258 (1976) (rescission for mutual mistake notwithstanding other expensive means available to make building on property feasible). Here, the Vanes and LaMarr may be able to show at trial that a piling foundation is feasible. Because such evidence may be insufficient to defeat the Kissells' claim in a trial on the merits, it is certainly insufficient for summary judgment.

The Vanes and LaMarr finally assert that the Kissells are not entitled to rescission because of their failure to test the subsoil before the sale or to make the sale contingent upon favorable subsoil test results. These are not requirements for a mutual mistake theory. *See Franklin*, 493 N.E.2d 161 (rescission available even though tests for septic tank system were performed after

sale and contract was silent as to the suitability of such system).

The Kissells have stated a valid cause of action for mutual mistake. For summary judgment purposes, the facts and inferences most favorable to the Kissells as the nonmovants are that a house cannot be constructed on Lot 5. Because material issues of fact remain, summary judgment is improper.

I also question the stability of the trial court's conclusion that the Kissells' claim of breach of implied warranty of habitability does not state a cognizable action. The Kissells contend that an implied warranty of habitability should be recognized where restrictive covenants limit the use of real estate to residential use, and at the time of the sale contemplating residential construction, the parties were unaware of the conditions inhibiting such use. The Kissells essentially seek to carve out an exception to *caveat emptor* in Indiana in these circumstances. Because exceptions have been adopted with regard to sales of new residences by the builder to the immediate buyer and subsequent buyers, it is not unreasonable to envision an extension of the implied warranty exception to the sale of a vacant residential lot under the present circumstances. *See Theis v. Heuer* (1972), 264 Ind. 1, 280 N.E.2d 300 (builder-initial purchaser); *Barnes v. Mac Brown & Co.* (1976), 264 Ind. 227, 342 N.E.2d 619, 620 (builder-subsequent purchasers); *see also Jordan v. Talaga* (1989), Ind.App., 532 N.E.2d 1174, *trans. denied* (developer-purchaser).

For the reasons stated above, I concur with the reversal of summary judgment.