**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 30 2012, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO-SE:

**DAVID E. SCHALK**
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**JOSHUA W. CASSELMAN, ESQ.**
Rubin & Kevin, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID E. SCHALK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  53A05-1110-CC-535 |
| | ) | |
| YELLOW BOOK SALES and | ) | |
| DISTRIBUTION CO., INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Dena A. Martin, Special Judge
Cause No. 53C01-1104-CC-629

**May 30, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant David E. Schalk appeals the trial court's grant of summary judgment in favor of appellee-plaintiff Yellow Book Sales and Distribution Company, Inc. (Yellow Book), regarding its breach of contract claim against Schalk for advertising services that it provided. In particular, Schalk asserts that Yellow Book failed to perform its obligations under two advertising agreements because it allegedly did not distribute its telephone directories to a sufficient number of households in several counties. Thus, Schalk contends that a genuine issue of material fact remains as to what amount he should be obligated to pay under the contracts. Concluding that the trial court properly entered summary judgment for Yellow Book, we affirm.

FACTS

On September 12, 2007, Schalk signed an advertising contract as the owner of "David E. Schalk Attorney at Law," requesting that Yellow Book provide him with advertising services (Contract I). Appellant's App. p. 20, 23-24. The agreed-upon price for advertising provided under this contract was $504 per month for a period of twelve months. The advertisements were provided by Yellow Book in the 2008 Bloomington/Bedford and Morgan County directories, which had issue periods of February 2008 to January 2009 and January 2008 to December 2008, respectively. Yellow Book's records reflect some payments were made for the advertising provided under Contract I, but Schalk did not pay the contract price in full.

On September 19, 2008, Schalk executed another advertising contract (Contract II) with Yellow Book, which provided that Yellow Book would again provide advertising

2

services to Schalk. The agreed upon price for this advertising was $615 per month for a period of twelve months. These ads were provided by Yellow Book in the 2009 Bloomington/Bedford and Morgan County directories, which had issue periods of February 2009 to January 2010 and January 2009 to December 2009, respectively. Schalk made no payments for the advertising services that Yellow Book provided in accordance with this contract.

Pursuant to both contracts, Schalk agreed that by his execution of the contracts, he "personally and individually undertakes and assumes . . . the full performance of this agreement, including payment of amounts due hereunder." Appellant's App. p. 21, 24, 26. The terms and conditions under the agreements provided that Schalk and Yellow Book "agree that [Yellow Book] will publish advertising in the directories and/or provide the Internet Services, in accordance with the terms and conditions of this agreement." Id. at 24, 26.

On April 8, 2011, Yellow Book filed a complaint against Schalk, seeking payment for its advertising services. The complaint alleged, among other things, that Schalk personally guaranteed payment of all sums owing under the contracts, and those amounts had not been paid.

Thereafter, Yellow Book moved for summary judgment, claiming that the designated evidence established that there is no genuine issue of material fact that Schalk personally guaranteed payment for the advertisements. The designated evidence that Yellow Book submitted established that the unpaid balance under both contracts

3

amounted to $9,248.89. The terms and conditions of the contracts provided that interest accrued at 1.5% per month on past due amounts and that Schalk was responsible for all costs and expenses incurred in connection with nonpayment, including reasonable attorney fees.

Notwithstanding Yellow Book's designated evidence, Schalk asserted that he is not liable for the full amount under the contracts because Yellow Book failed to show what percentage of households in the various counties were not supplied with telephone books. Thus, Schalk claimed that a genuine issue of material fact existed as to what amount, if any, that he was obligated to pay.

Following a hearing on September 9, 2011, the trial court granted Yellow Book's motion for summary judgment. It was determined that there was no genuine issue of material fact and that Yellow Book is entitled to all claims asserted in the complaint. The trial court entered judgment in the amount of $15,766.94, together with costs, against Schalk. Schalk now appeals.

### DISCUSSION AND DECISION

### I. Standard of Review

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4-5 (Ind. 2010). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.

4

Id.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. Id.

To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc., 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. Id. The party appealing the summary judgment bears the burden of persuading us that the trial court erred. Id.

## II. Schalk's Claims

In addressing Schalk's contentions that the trial court erred in granting Yellow Book's motion for summary judgment, we note that to recover for breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach. Collins v. McKinney, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). The interpretation of a guaranty is governed by the same rules that apply to other contracts. Bruno v. Wells Fargo Bank, 850 N.E.2d 940, 945 (Ind. Ct. App. 2006).

In this case, Yellow Book designated evidence, through the affidavit of its corporate representative, establishing that Schalk entered into both contracts and agreed to the terms set forth therein. Appellant's App. p. 20, 23-26. Schalk acknowledged that he signed the contracts, and Yellow Book's designated evidence showed that it provided

5

the advertising services requested in the contracts and fully performed its obligations therein. Id. at 21. The affidavits of Yellow Book's representatives show that Schalk breached both agreements by failing to pay the contract prices, and Yellow Book declared Schalk to be in default. Id. at 21.

In essence, Yellow Book's designated evidence shows each element of its breach of contract and guaranty claims. Put another way, the record shows the existence of valid advertising contracts between Schalk and Yellow Book, Schalk's breach of those contracts by failing to pay for the advertising, and the damages that Yellow Book sustained. And because Yellow Book presented evidence to support the elements of its claims, the burden shifted to Schalk to show specific facts demonstrating a material issue of fact for trial. Babinchak v. Chesterton, 598 N.E.2d 1099, 1101 (Ind. Ct. App. 1992). By failing to designate any evidence in response to Yellow Book's summary judgment motion, Schalk wholly failed to meet that burden.

Although Schalk asserts in his appellate brief that Yellow Book entered into an agreement to "distribute the directory to every household in Lawrence, Monroe, and Morgan counties," nothing in the record supports that claim. Appellant's Br. p. 3. Neither contract contains any requirement regarding the number of directories that are to be distributed or the number of households that are to receive them. Appellant's App. p. 23-26. Nor did Schalk designate any evidence that it was "implicit" and "verbally stated" by Yellow Book personnel that every household in Lawrence, Monroe, and Morgan Counties would receive a directory, as Schalk has claimed in his appellate brief.

6

Appellant's Br. p. 3.  To the contrary, the terms in the contracts provided in capitalized print that

> NO ADJUSTMENT WILL BE GIVEN FOR DELAY OF PUBLICATION OR DISTRIBUTION OR FOR CHANGES IN THE ANTICIPATED NUMBER OF DIRECTORIES TO BE PUBLISHED OR DISTRIBUTED.

Id. at 24, 26.

Finally, the  contractual language provides that the original written agreements "supersede any other verbal or written agreement between [Schalk] and [Yellow Book]" and "may not be changed except by a writing signed by an authorized signatory of [Schalk] and [Yellow Book]."  Id.

In sum, the evidence designated to the trial court establishes that Yellow Book provided the advertising services requested by Schalk and fully performed the conditions required of it under the contracts.  Moreover, the trial court properly determined that Schalk could not manufacture a material issue of fact by speculating that the directories were not properly distributed because there was no evidence designated to support that claim.

In our view, Yellow Book satisfied its burden on summary judgment by designating evidence that proved each element of its claims.  Schalk's mere conjecture that Yellow Book might not have performed some action that Schalk believes was required is insufficient to survive summary judgment.  Therefore, we conclude that because Schalk has failed to present any evidence establishing a genuine issue of material fact, the trial court properly granted Yellow Book's motion for summary judgment.

7

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.