**Kathleen Ann STEWART, Appellant
(Plaintiff Below),**

v.

**FORT WAYNE COMMUNITY
SCHOOLS, Appellee
(Defendant Below).**

No. 93A03–8901–CV–10.

Court of Appeals of Indiana,
Third District.

March 27, 1989.

clude as a matter of law that Kinder was not negligent, we need not consider this issue.

John S. Bloom, Bloom, Bloom & Fleck, P.C., Columbia City, for appellant.

Charles W. McNagny, Barrett & McNagny, Fort Wayne, for appellee.

HOFFMAN, Judge.

■ Defendant-appellee Fort Wayne Community Schools has moved to dismiss the appeal of plaintiff-appellant Kathleen Ann Stewart for failure to comply with Ind.Rules of Procedure, Trial Rule 59. Fort Wayne contends that Stewart waived the issues presented on appeal, because she did not file a' Motion to Correct Error.

The facts pertinent to the Motion to Dismiss before this Court may be summarized as follows. On November 4, 1988, the trial court entered findings of fact and conclu-

sions of law adverse to Stewart. Pursuant to Trial Rule 59, Stewart had a sixty-day period within which to file a Motion to Correct Error, or until January 3, 1989. Effective January 1, 1989, Trial Rule 59 was amended to make the filing of a Motion to Correct Error discretionary. Stewart did not file a Motion to Correct Error.

Fort Wayne Community Schools acknowledges that the amended Trial Rule 59 governs in the instant case. However, Fort Wayne Community Schools argues that the revised language of Trial Rule 59(D)(1) [1] requires a Motion to Correct Error when a party alleges, as Stewart did, that the trial court's findings and conclusions are contrary to law or contrary to the evidence. The provision upon which Fort Wayne relies states:

"A Motion to Correct Error shall be addressed to those errors claimed to have occurred prior to the filing of the motion. Any claimed error which has not been initially presented to and ruled on by the trial court must be presented by Motion to Correct Error or it is waived."

Ind.Rules of Procedure, Trial Rule 59(D)(1).

■ The mandatory Motion to Correct Error contemplated by Trial Rule 59(D)(1) is intended to bring before the trial court those errors which are unsuited for resolution by an appellate forum, but can best be addressed by the trial court itself. Such errors include misconduct of the jury, the existence of newly discovered evidence or other matters which occurred during the proceedings before the court but are not reflected in the record.[2]

The errors asserted in Stewart's appeal are not errors required to be raised in a mandatory Motion to Correct Error under Trial Rule 59(D)(1). The errors have not

---

1. The rule was further amended February 16, 1989.

2. Under the February 16 amendment a claim of excessive or inadequate damages must be presented through a motion to correct errors. We also note the language of subsection J remains. Thus a party attempting to invoke the trial judge's power pursuant to that section would need to file a motion to correct error. While a mandatory Motion to Correct Error is intended to alert the trial court of errors based upon matters outside the record, the motion may not be used to raise errors which existed at trial but to which a party did not object. If a party fails to object at trial, the error cannot be raised on appeal or in a Motion to Correct Error. *Posey County v. Chamness* (1982), Ind. App., 438 N.E.2d 1041, 1049 (still applicable). The failure to object may not be remedied by a post-trial Motion to Correct Error.

been waived. Accordingly the Motion to Dismiss filed by Fort Wayne Community Schools is denied.

GARRARD, P.J., and STATON, J., concur.