**MILLER BREWING COMPANY,**
Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0110–TA–82.

Tax Court of Indiana.

Oct. 19, 2005.

Stephen H. Paul, Brent A. Auberry, Baker & Daniels, Indianapolis, IN, Steven R. Duback, Quarles & Brady, LLP, Milwaukee, WI, for Petitioner.

Steve Carter, Attorney General of Indiana, Andrew W. Swain, Special Counsel, John D. Snethen, Deputy Attorney General, Indianapolis, IN, for Respondent.

## ORDER ON RESPONDENT'S MOTION TO CORRECT ERROR [1]

FISHER, J.

On July 27, 2005, this Court issued an order in the case of *Miller Brewing Com-*

---

1. The Indiana Department of State Revenue (Department) filed its petition for rehearing in this Court on August 24, 2005, and the Court held oral argument on the petition on October 3, 2005; however, a petition for rehearing is inappropriate at this juncture. When this Court hears cases protesting the final determinations of the Department, the Court acts as a trial court. *See* IND. CODE ANN. § 6–8.1–9–1(d) (West Supp.2005–2006); *Chrysler Fin. Co. v. Indiana Dep't of State Revenue,* 761 N.E.2d 909, 911 (Ind. Tax Ct.2002), *review*

*denied.* The proper method to challenge a judgment entered by a trial court, prior to filing an appeal, is a motion to correct error. *See* Ind. Trial Rule 59. Therefore, the Court will treat the Department's petition as such, referring to it as "motion."

Additional facts as they pertain to the motion will be supplied as necessary. All other substantive and procedural facts as they relate to the Court's previous decision in this case are undisputed and can be found at *Miller Brewing Company v. Indiana Depart-*

*pany v. Indiana Department of State Revenue,* 831 N.E.2d 859 (Ind. Tax Ct.2005). In *Miller,* the Court determined that Miller Brewing Company's (Miller) sales at issue were not made within Indiana and therefore, the Department should not have included those sales in the sales factor of Miller's adjusted gross income tax apportionment formula for the 1994–1996 tax years (years at issue).[2] The Department now requests that the Court reconsider that decision. After reviewing the Department's motion and having held argument thereon, the Court DENIES the Department's motion for the following reasons.

## ANALYSIS AND ORDER

In its motion, the Department presents three arguments as to why the Court's decision in *Miller* was erroneous. Specifically, the Department argues that: (1) the Court failed to interpret Indiana Code § 6–3–2–2(e)(1) as mandating a "destination rule" instead of a "place-of-delivery rule" for the designation of in-state, taxable sales; (2) the Court's decision will cause absurd consequences and violate the dormant Commerce Clause of the United States Constitution; and (3) Indiana Administrative Code title 45, rule 3.1–1–53(7) requires the inclusion of income from sales, where a purchaser hires a common carrier to pick up products, in the adjusted gross income tax apportionment formula. The Department's contentions, however, do not reveal any errors that are subject to correction.

■ More specifically, the Department's first and second arguments are entirely new arguments supported by law and supplements not introduced in the initial proceeding. It is a longstanding rule that a party may not raise an issue for the first time in a motion to correct error. See *Yater v. Hancock County Bd. of Health,* 677 N.E.2d 526, 530 (Ind.Ct.App.1997) ("[a] party may not raise an issue or argue a different theory of recovery on appeal that was not presented first to the trial court.... A party may not raise an issue for the first time in his motion to correct error") (internal citation omitted); *Babinchak v. Town of Chesterton,* 598 N.E.2d 1099, 1103 (Ind.Ct.App.1992) (explaining that the failure to raise errors which existed at trial may not be remedied in a post trial motion to correct errors or on appeal).

The Department admits, in its motion, that it did not raise these arguments before the Court in its original brief or at oral argument. (See Pet. for Reh'g at 10 ("[t]he parties' failure to present [these arguments] to the Court in their original briefs and oral arguments allowed the [C]ourt to base its decision on irrelevant and straw man arguments").) During the argument on the instant motion, the Department's counsel admitted the same numerous times. For example, counsel stated:

> On behalf of the Attorney General's Office and the Department of Revenue I thank you for this opportunity to present to you some information that we believe was omitted from the original

*ment of State Revenue,* 831 N.E.2d 859 (Ind. Tax Ct.2005).

**2.** The Court's decision in *Miller* also applied to Miller's claim for refund of supplemental net income tax. Because the imposition of supplemental net income tax was dependent upon adjusted gross income tax computations, the Court's reference to the adjusted

gross income tax and the corresponding apportionment formula is also considered a reference to the supplemental net income tax. *See* IND. CODE ANN. § 6–3–8–5 (West 1995) (repealed 2002). *See also Indiana Dep't of State Revenue v. Endress & Hauser, Inc.,* 404 N.E.2d 1173, 1175 (Ind.Ct.App.1980).

proceeding in this case and in the parties['] original briefs and pleadings.

\*    \*    \*    \*    \*    \*

The reason we didn't give this [argument] to you the first time, Your Honor, is plain and simple, ignorance on the part of the Attorney General's Office. The attorneys who handled this case before did not understand this case, they didn't understand the law, they did not understand anything about it, and that's absolutely a shock, it was shocking to me when I read the briefs in this case and I read the transcript in this case. At one point you asked counsel why all this mattered and whether or not your opinion was going to result in an absurd result and counsel's response was 'Your Honor, I didn't research that point' and that's just shameful on our part and I apologize for that[.]

\*    \*    \*    \*    \*    \*

[S]o again for the reasons that I've presented here today, Your Honor, we're trying to rectify the fact that we did [not] provide you with information that you needed in order to properly decide this case and issue the best tax decision that you could possibly issue in this case. (Oral Argument Tr. at 3, 28, 54.)

■ A motion to correct error is not an opportunity to present to the Court new information a party failed to raise during the original proceedings due to a lack of research and preparation.[3] The error the Department asserts is not the Court's. The Court committed no error and the Court will not correct the errors of the Department or its counsel. *See Babinchak,* 598 N.E.2d at 1102–1103 ("[e]rror generally may not be predicated upon [information] which was not before the trial court at the time of the summary judgment").

■ The Department's third argument, that its regulation does not encompass the sales at issue (where Indiana customers hired common carriers to transport products) was clearly disposed of by the Court's decision in this case. *See Miller,* 831 N.E.2d at 862–63. Specifically, the Court held that Miller's sales at issue should not be included in the sales factor of its adjusted gross income tax apportionment formula based on the Department's own regulation. *See* IND. ADMIN. CODE tit. 45, r. 3.1–1–53(7) (1996) ("[s]ales

---

**3.** As the Indiana Court of Appeals has stated: [w]hille a mandatory [m]otion to [c]orrect [e]rror is intended to alert the trial court of errors based upon matters outside the record, the motion may not be used to raise errors which existed at trial but to which a party did not object. If a party fails to object at trial, the error cannot be raised on appeal or in a [m]otion to [c]orrect [e]rror. The failure to object may not be remedied by a post-trial [m]otion to [c]orrect [e]rror. *Stewart v. Fort Wayne Cmty.Schs.* 535 N.E.2d 1238, 1239 n. 2 (Ind.Ct.App.1989) (internal citation omitted). Pursuant to Indiana Trial Rule 59, errors that warrant a mandatory motion to correct error consist of "(1) [n]ewly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, *with reasonable diligence, could not have been discovered and produced at trial;* or (2)[a] claim that a jury verdict is excessive or inadequate." T.R. 59(A) (emphasis added).

The "errors" the Department complains of do not fall within either of the two categories. The Department does not assert a hardship in discovering the materials and arguments it presents now. Rather, the Department's reason for not presenting the information is its counsel's failure to exercise reasonable diligence in researching the case. (*See* Oral Argument Tr. at 28.) Indeed, many of the cases the Department now offers as direct support for its argument date back to the 1980's, so certainly the case law and argument were available to the Department in 2002, when it submitted its original brief to this Court.

are not 'in this state' if the purchaser picks up the goods at an out-of-state location and brings them back into Indiana in his own conveyance"). *See also* IND. CODE ANN. § 6–3–2–2(b) (West 1995) (amended 1997). Furthermore, the Court relied on an Indiana Supreme Court opinion when it found that "in his own conveyance" included the purchaser's use of a common carrier. *Miller,* 831 N.E.2d at 862–63 (*citing Indiana Dep't of State Revenue v. Bendix Aviation Corp.,* 237 Ind. 98, 143 N.E.2d 91, 97–98 (1957) (holding that "in its own conveyance" extended to the hiring of a common carrier to transport goods)). Having based its decision on the Department's own regulation and Indiana Supreme Court case law, this Court's decision was not erroneous. Therefore, the Court will not give the Department a second bite at the apple to convince it otherwise.

## CONCLUSION

For the foregoing reasons, the Court now DENIES the Department's motion to correct error.